ANNA B. FOOTE, Appellant, v. WILLIAM E. FOOTE, Appellee.

APPEAL FROM McLEAN.

Alimony will be granted in proportion to the wants of the party asking it, and the ability of the person who is to pay it. The allowance depends upon a judicial exercise of discretion, which may be inquired into on appeal.

An allowance for alimony may be increased or diminished.

BILL in chancery, filed by appellant against appellee, for divorce.

The bill was taken as confessed by defendant.

A decree was entered dissolving the bonds of matrimony theretofore subsisting between the complainant, Anna B. Foote, and the defendant, William E. Foote; and that the custody of the infant children of said parties be given to the appellant, Anna B. Foote. It was further decreed, that said William E. Foote pay as alimony to the said Anna B. Foote, for the support of herself and her two children, the sum of $500 per annum, in equal quarterly installments.

The complainant excepted to the allowance for alimony, as being inadequate.

It appeared by the evidence of *Thomas Lonergan*, that when complainant married defendant, she had a piano worth from $200 to $300; that on the day of her marriage, witness gave her $100; that since their marriage witness had let her have money and furnished her house, amounting in the aggregate, to between $700 and $800. That the two children are both boys. That in his opinion $1,200 per year would be the ordinary and necessary expenses for the support of complainant and her two children.

It appeared in evidence, by the testimony of *John S. Auby*, that $1,200 would be a fair estimate for the support of complainant and children per year.

It was also proved, by the testimony of *Robert Hill*, that $1,400 would be the annual necessary expenses for their support.

It was further proved that the defendant, about eighteen months before the decree was made, told Thomas F. Warrell that he was worth $10,000, and was clear of debt.

That the proceeds of the job part of his office (he was a printer,) was worth $1,500 or $2,500 per month. That the children are aged, one seven years, the other two years.

It also appeared, from the testimony of *William Thomas*, that witness was an insurance agent; that on the 15th of January, 1858, defendant applied to him to insure his printing establish-

28

ment, and defendant then stated that the value of the property to be insured, at last invoice, was $12,000. That a short time afterwards the witness remarked to defendant, that he thought the appraisement was too high, when defendant replied that he had, since such appraisement, purchased upwards of three thousand dollars worth of property and put it in the office, making between $15,000 and $16,000 worth of materials and apparatus connected with the office.

BRIER & BIRCH, and E. VAN BUREN, for Appellant.

SWETT & ORME, and J. M. SCOTT, for Appellee.

BREESE, J. It is true, as claimed by defendant's counsel, the court, in determining the question of alimony, will take into consideration the circumstances of the parties and their social position—the amount of property and resources of the husband, and his ability to pay the sum the court may award against him; in other words, alimony will be granted in proportion to the wants of the person requiring it, and the circumstances of the party who is to pay it. The allowance is said to be discretionary with the court. It is so, but it is a judicial, not an arbitrary discretion which is to be exercised, and is therefore a subject of appeal, and while it is so, it should be only upon a strong and decided difference of opinion, where an appellate court would be disposed to disturb a decree.

Our statute provides, (Scates' Comp. 151,) when a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children or any of them, as from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just.

The decree in this case finds the wife to be the meritorious cause, and whilst there is nothing proved against the husband but exhibitions of unrestrained anger against the wife, amounting in one or more instances, to unmanly violence towards her, which was fully proved, enough is developed by the whole case to show that there was great incompatibility of temper, irreconcilable disagreement between the parties, producing a breach only to be healed by separation. The defendant did not answer the charge of cruelty, nor attempt to recriminate; the bill was taken for confessed against him. The proofs show, that the complainant on her marriage had property of the value of about eight hundred dollars, which the defendant restored to her, and also furnished her, between the time of her leaving his bed and board and the trial of the cause, that is, from December, 1857, to April, 1858,

Foote *v.* Foote.

the sum of two hundred dollars, so that all that he received with her, has been restored to her. The proofs further show, throwing all estimate of his real estate out of the question, as its value and the existing liens and liabilities upon it, are about equal, that his annual income from his business—that of proprietor of a large printing establishment in the city of Bloomington— is twenty-five hundred dollars. The proofs further show that there are two children of the marriage, both boys, one six, and the youngest about two years of age, who are, by the decree, committed to the complainant, for their nurture and education. It is also in proof, that the complainant is in delicate health, and not able to do much labor, and that the health of the eldest child is also feeble, and that they all reside together, with her relatives, at Chicago.

It will be observed, our statute requires that the court, in decreeing a separation from the bonds of matrimony, may make an order, touching not only the alimony and maintenance of the wife, but for the care, custody and support of the children.

It becomes therefore, a very important subject of inquiry, did the court, in exercising its discretion in this case, regard this provision of the statute. Has any provision been made for the support of the children? Five hundred dollars per annum, payable quarterly, may be considered as ample for the decent support of the wife, added to the small income she may and ought to obtain from her own labor. It is not the design of the law, that she shall be supported by her husband in idleness, but, as when the marriage relation existed, she should contribute her own services in aid of the family establishment, if not by manual labor, which is not expected from the rich, but by overseeing and carefully watching and protecting the common interests, and advancing them to the extent of her power. So when a separation is decreed, it is expected she will do something for her support, if exertion be necessary to that end. Whilst provision is made by the court for her support, the children seem to have been wholly overlooked. By law, it is the bounden duty of the father to provide for the support of his own offspring, and having the means he can be compelled to do so. By the divorce, he is relieved of the care and responsibility attending their nurture, all being devolved upon the mother, and it seems from the proof, though never treating his children unkindly, he never manifested very much regard for them. Their support is a fair claim upon his property. With an annual income of two thousand five hundred dollars, he is abundantly able, not only to pay six hundred dollars to the complainant, but a sufficient sum for the support of the children.

It is urged by defendant's counsel, that his property is of a perishable nature, not enhanced in value by time. This is true as to the materials of which that property is composed, time and use will deteriorate it, but it is not true as regards the establishment itself. Time, there is every reason to believe, will, by a proper application of his skill and industry to it, enhance its proceeds. Experience proves, that such establishments well conducted, as his appears to be, in our growing cities, produce certain, and large incomes. The net income from the establishment now, is admitted to be twenty-five hundred dollars, full ten per cent. on all the capital invested and employed, and with the growth and expansion of the city and county in which it is located, the chances are greatly in favor of a continued annual increase. We agree with the defendant's counsel, that alimony and maintenance, should be so graduated, as not to trench too deeply upon a defendant's capital and resources, for by so doing, the object of the allowance may be defeated. Yet such as the defendant has, be it much or little, must be resorted to, out of which to provide a fund for the children. If he has no property, a certain proportion of the avails of his own skill and labor, must be applied—in short, courts can resort to all the means, for such purpose, in the power, possession or control of the defendant, or in reasonable expectancy. But in this case, we do not touch the capital of the defendant, we only propose to take from the net income derived from its use, a certain proportion, for the support of the wife and the children, which the law compels him to support. If, by his misconduct, he is deprived of their company and caresses, he is still bound to give them a decent support and education. We think one thousand dollars, not one half of his income—six hundred dollars thereof for the complainant, and the residue, four hundred dollars, for the support of the children—will be as fair an allowance as could, under the circumstances, be made, leaving out of view, the defendant's real estate or any increase in its value, and this will be our decree.

It is equally the duty of the court decreeing a divorce, under our statute to provide for the children as to provide alimony for the wife. Taking into consideration their respective ages—the delicate health of the oldest, and also that of the mother, we cannot think four hundred dollars a year too much for their support and education, certainly not whilst they are so young as to be unable to earn anything for themselves. In process of time, should they live, they may be able to earn a portion of their own support, when the amount now allowed for such purpose, may be diminished, as such matters always remain under the control of the courts, and subject to any alterations that

varying circumstances may render necessary. *Davis* v. *Davis*, 19 Ill. R. 343.

All the cases, both English and American, sustain the view we have taken of this case. In *Cook* v. *Cook*, 1 Eng. Ecc. R. 178, one moiety of the husband's property was given to the wife for permanent. alimony, and the same in *Smith* v. *Smith*, ib. 244, and *Otway* v. *Otway*, ib. 203. *Kirby* v. *Kirby*, 1 Paige Ch. 261 ; *Prince* v. *Prince*, 1 Richardson Eq. Rep. S. Car. 282 ; *Mc Crocklin* v. *Mc Crocklin*, 2 B. Monroe, 372, where the court say when the husband owns little or no property, that fact does not absolve him from his duty to contribute, even by his labor, something towards the maintenance of his wife and infant child in her possession and under her care. *Lawrence* v. *Lawrence*, 3 Paige Ch. 267 ; *Bursler* v. *Bursler*, 5 Pickering, 427, where alimony was allowed without regard to the husband's income alone. *Prather* v. *Prather*, 4 Desaussure S. Car. 33 ; *Taylor* v. *Taylor*, ib. 175 ; *Williams* v. *Williams*, ib. 183 ; *Reavis* v. *Reavis*, 1 Scam. R. 242. Many other cases, to which those cited refer, might be cited, but it is unnecessary. The principles established are too plain and just to require authority in their support.

The judgment of this court is, that the decree of the Circuit Court as to allowance of alimony be reversed, and the cause be remanded to that court, with instructions to allow to the complainant as alimony, the sum of six hundred dollars annually to be paid quarterly, and the further sum of four hundred dollars payable to the complainant, for the support and education of the children committed to her care and custody, the same to be paid quarter-yearly, and that the same be a lien on the estate real and personal of the defendant, and that he pay the costs.

*Decree reversed in part, and changed.*