| 69 | 609 |
| 144 | 599 |
| 69 | 609 |
| 46a | 398 |
| 69 | 609 |
| 195 | ¹339 |

ROBERT C. ANDREWS

*v.*

RHODA C. ANDREWS.

1. ALIMONY—*decree may provide for an attachment for neglect to pay.* The circuit court, on decreeing a divorce and alimony, has the undoubted power to award an attachment for non-compliance with the order for the payment of alimony.

2. SAME—*where decree is made a lien on land, not proper to award an attachment.* Where a decree of divorce and alimony to the wife is made a lien on the husband's real estate, as to the wife's solicitor's fee, it will not be proper also to award an attachment for a contempt for a failure to pay such fee.

3. SAME—*must be reasonable in view of defendant's means.* Where the husband owned not more than $6000 or $7000 worth of property, real and personal, and was liable for $1000 mortgage on his land and for $250 debts contracted by his wife, and the main part of his income was derived from sixty-five acres of land, and the annual increase of a few head of cattle, it was *held,* that a decree on divorce giving the wife $2800 was excessive, and that $2000, payable in installments, would be a reasonable and proper sum.

4. SAME—*law does not give one-third of husband's means.* On divorce, the wife is not entitled to one-third of the husband's means as alimony, or any other specified portion of his estate. It should only be for such

39—69TH ILL.

sum, for the maintenance of the wife and the care of the children, if any, as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. KILGOUR & MANAHAN, for the plaintiff in error.

Mr. J. E. McPHERRAN, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Whiteside circuit court, by Rhoda C. Andrews, against Robert C. Andrews, praying for a divorce and for alimony. A decree passed allowing the prayer of the bill, and the parties electing that a gross sum be decreed as alimony, the court, after hearing the testimony, allowed complainant the gross sum of twenty-eight hundred dollars, to be paid three hundred dollars within thirty days from the date of the decree, five hundred dollars within one year from the same date, one thousand dollars within two years, and the remaining one thousand dollars within three years from the same date, together with interest at the rate of ten per centum per annum upon the last three payments from the date of the decree, the interest to be paid semi-annually.

It was further decreed, that the defendant should, within twenty days from the date of the decree, pay to complainant's solicitor two hundred and forty-seven dollars, and, after making provision for the payment of other alimony temporarily allowed, and making the same a lien upon defendant's real estate, it was further decreed that, in case these several sums of money should not be paid complainant at the times specified, the complainant should have execution therefor, or an attachment against the body of the defendant, as in cases of contempt, after having given the defendant sixty days' notice of such failure of payment, as the complainant might elect;

and in case defendant should fail to pay the solicitor within the time limited, that execution might issue thereof, or the defendant proceeded against, by attachment of his body, as for a contempt, as the solicitor might elect, in case his allowance should not be paid by or before the first day of December, 1872; and it was further decreed, that the defendant should pay, within thirty days from the filing the decree, all the costs of court and the master's fees for taking testimony in the cause.

To reverse this decree, the defendant brings the record here by writ of error, and questions the power of the court to award the attachment on non-payment of the several sums of money to the complainant, at the stipulated times, and of the solicitor's fees.

We think there can be no doubt of the power of the court to award an attachment for non-compliance with an order for the payment of alimony. The various provisions of the statute on this point are referred to in *Wightman* v. *Wightman*, 45 Ill. 167, and the power is not questioned in *Goodwillie* v. *Millimann*, 56 ib. 525, to which reference is made. That was a case in chancery for partition, in which the solicitor was allowed a most exorbitant fee, and one of the owners of the land committed as for a contempt in refusing to pay his portion thereof. It was clearly a case not calling for the exercise of this power, which has always been conceded to courts of chancery.

We see nothing in this case rendering it necessary to call this power into action, as the decree in behalf of complainant was made a lien on the land. As to the claim of the solicitor, we are of opinion it was improperly allowed. We can see, from the transcript of the record, developing fully, as it does, the character of the case, that the fee of fifty dollars therefor paid by the defendant, upon a previous order of the court, was a reasonable fee for the defendant to pay in such a case.

The amount allowed by the court is so largely out of proportion to the service rendered, that we can not but regard

it as oppressive upon the defendant, in view of the amount of alimony allowed.

But the entire decree is excessive. The defendant owns not more than six or seven thousand dollars' worth of property, real and personal, and is liable for one thousand dollar mortgage on the land and for debts contracted by his wife of two hundred and fifty dollars, or more. The main portion of his income is derived from sixty-five acres of land and the annual increase of a few head of cattle. A man so situated requires time to pay even a less sum than the one awarded.

We presume the design of the circuit court was, to allow complainant the value of one-third of the entire estate of defendant, real and personal; but the law does not allow this to her, or any other specified portion of his estate. Where a divorce is decreed, the court may make such order respecting alimony, and the maintenance of the wife and the care of the children, if any, as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just.

The evidence, we think, greatly preponderates in support of the fact, that the whole estate of the defendant does not exceed in value seven thousand dollars, and we are of opinion that the gross sum of two thousand dollars as alimony is "fit, reasonable and just," for the complainant. This sum will be allowed her, payable as follows: The sum of two hundred and fifty dollars in thirty days from and after filing the decree, two hundred and fifty dollars in six months after the thirty days, five hundred dollars in one year thereafter, five hundred dollars in eighteen months after the said one year, and the remaining five hundred dollars in twenty-four months thereafter, the whole to bear interest at the rate of six per centum per annum from the day of entering the decree, and the same to be a lien on the land of defendant in Whiteside county.

We perceive nothing in this case to justify an attachment as for a contempt, and the court will not award that writ for the purpose of enforcing the decree.

The decree of the circuit court is reversed, and the cause remanded, with directions to enter a decree in conformity to this opinion.

*Decree reversed.*