WILLIAM W. FOSS

*v.*

MABEL C. FOSS.

*Filed at Ottawa November 10, 1881.*

1. ALIMONY—*allowance to wife to defend, etc., discretionary.* The allowance of alimony to the wife for her support pending a suit for a divorce, and to enable her to maintain or defend the suit, under the statute, as at common law, is discretionary; but this discretion is a judicial and not an arbitrary one, and is subject to review upon appeal or error.

2. It is wholly within the discretion of the court to allow a wife temporary alimony in a suit against her for a divorce, before the filing of an answer by her, and its allowance after the expiration of the time allowed her to answer, is in effect a further extension of time to answer.

3. SAME—*alimony for support of children pendente lite.* The power given by the statute to the court to make such order concerning the custody of the minor children of the parties during the pendency of a suit for divorce, as may be deemed expedient and for the benefit of the children, includes power to make an order for the payment of a sum reasonably sufficient for their support *pendente lite ;* and the allowance of such a sum to the wife for the support of her child, is in effect an adjudication that she have the custody and care of the child during the pendency of the suit.

4. SAME—*whether temporary alimony is excessive.* An allowance of temporary alimony to a wife, during the pendency of a suit for divorce, will not be disturbed by this court unless clearly convinced that the amount is so excessive as to amount to an abuse of discretion. Such allowance is at all times subject to modification, to meet any new and unforeseen circumstances.

5. In this case the husband filed his bill for a divorce. The court made an order allowing the wife $200 for solicitor's fee, and $19.23 per week for the

support of herself and child pending the suit. The husband appeared to be worth $45,000 in property. The necessities of the wife were shown to be great. While the allowance was considered to be full liberal, this court could not say it was excessive.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Messrs. GRANT, SWIFT & BRADY, for the appellant:

1. The court had no right to grant temporary alimony before the appellee had filed her answer. There is nothing to show she intends making any defence. She simply denies the ground alleged for a divorce, which amounts only to an assertion that she has a defence, and is no statement that she intends to defend. *Lewis* v. *Lewis,* 3 Johns. Ch. 519; *Allen* v. *Allen,* Hempstead, 58.

2. The court had no power to grant alimony *pendente lite* for the support of the child. The statute gives the court authority to allow alimony to the wife only during the pendency of the suit. Until the suit has been determined in favor of the wife, by final decree, the presumption is that the father is entitled to the custody of the children, and is willing to comply with the obligation to support them which the law imposes upon him. There is nothing in this record to show that appellant is unwilling to provide for his child. If appellee has voluntarily imposed upon herself the burden of supporting the child, by carrying him away from his father, she can not use the power of the court in this manner to procure his support. There is nothing in the record to show any justification for her keeping possession of the child.

The amount of alimony allowed is excessive. This was, we are aware, within the discretion of the court, but we think the amount allowed is so grossly excessive as to warrant this court in reversing the decree for this cause alone.

37—100 ILL.

Alimony *pendente lite*, it may be remarked, is governed by somewhat different principles from permanent alimony. The defendant should be "content to live in decent retirement," and is not to ask for an allowance "to gratify her tastes for music and amusements," and while the suit is pending, and she is charged with desertion and cruelty, the alimony allowed should be as small as the circumstances of the case will justify. Bishop on Marriage and Divorce, secs. 459, 460, 461; *Smith* v. *Smith,* 2 Phillim. 152; *Lawrence* v. *Lawrence,* 3 Paige Ch. 270.

But the allowance in this case would, we think, be excessive even if the bill had been filed by the wife against the husband, and she had obtained a final decree of divorce and custody of the child. *Foote* v. *Foote,* 25 Ill. 425; *Bergen* v. *Bergen,* 22 id. 189; *Ross* v. *Ross,* 78 id. 402; *Forrest* v. *Forrest,* 25 N. Y. 501; *Williams* v. *Williams,* 29 Wis. 517.

Mr. S. K. Dow, for the appellee:

Alimony *"pendente lite"* is a common law right. Courts of chancery are obliged to enforce it as much as any other provision of the common law. *Petrie* v. *The People,* 40 Ill. 334.

The allowance of alimony is within the sound discretion of the court, and so the allowance for the support of an infant child is a matter of judicial discretion. *Bergen* v. *Bergen,* 22 Ill. 187; *Joliff* v. *Joliff,* 32 id. 327.

Although the allowance is discretionary with the court, it is a judicial and not an arbitrary discretion which is to be exercised, and the subject of an appeal; and while it is so, it should be only upon a strong and decided difference of opinion where an appellate court would be disposed to disturb a decree. *Foote* v. *Foote,* 22 Ill. 425.

Alimony is granted upon proof of the circumstances of the parties, and unless found excessive it will not be disturbed. *Parker* v. *Parker,* 61 Ill. 369; *Daily* v. *Daily,* 64 id. 329.

From the appellee's affidavit there can be no doubt of her intention to defend. She explicitly denies the charges in the bill, and had asked for and obtained time in which to answer.

Mr. Justice Scholfield delivered the opinion of the Court:

On the 26th of October, 1880, appellant filed his bill for divorce against appellee, in the circuit court of Cook county, charging her with desertion. On the 17th of November, next following, she entered her appearance in the cause, and upon the 7th of December, then next, the court extended her time to file an answer until the 12th of that month. No answer was filed by that time, and on the 17th of the same month appellee filed her petition, supported by her affidavit, for solicitor's fee and for alimony *pendente lite*. Appellant filed his affidavit in opposition thereto; but the court thereupon decreed that appellant pay appellee $200 for solicitor's fee, and $19.23 per week, for the support of herself and child, pending the suit, the first installment to be paid on the 18th of December, 1880, and the subsequent installments weekly thereafter. From this decree appellant took the case by appeal to the Appellate Court for the First District, which court affirmed the judgment of the circuit court, and this record brings that judgment before us for review.

Our statute provides, (Rev. Stat. 1874, chap. 40, sec. 15,) that "in all cases of divorce the court may require the husband to pay to the wife, or pay into the court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit; and in every suit for a divorce, the wife, when it is just and equitable, shall be entitled to alimony during the pendency of the suit," etc.

This allowance is discretionary; but as we have held, was the exercise of the same power, under the principles of the common law. It is a judicial, not an arbitrary, discretion that

is to be exercised, and it is the subject of review upon appeal or error. *Foote* v. *Foote,* 22 Ill. 425; *Blake* v. *Blake,* 80 id. 523.

The first ground of reversal urged is, the circuit court had no right to grant temporary alimony before appellee had filed her answer. This was wholly within the discretion of that court. The petition for temporary alimony contained an explicit denial of the truth of the charges alleged in the bill, and it was sworn to by appellee. The effect of the action of the court was to again extend time in which appellee might answer; but with or without answer, the court is never authorized to decree a divorce until the cause of divorce has been fully proven by reliable witnesses. Rev. Stat. 1874, chap. 40, sec. 8.

The next point attempted to be made against the decree is, the circuit court had no right to grant alimony *pendente lite,* for the support of the child. This is untenable. "The court may, on the application of either party, make such order concerning the custody and care of the minor children of the parties, during the pendency of the suit, as may be deemed expedient, and for the benefit of the children." (Rev. Stat. 1874, chap. 40, sec. 13.) Power to make an order concerning the care of minor children, very clearly includes power to make an order for the payment of a sum reasonably necessary for their support; and the court having made an order for the payment of a sum to appellee, on account of the support of the child, did, in effect, adjudicate that she have the custody and care of the child during the pendency of the suit.

The next and last ground of reversal insisted upon is, that the allowance of the circuit court is excessive. An appellate court, we have said, is only authorized to reverse on this ground where the difference in judgment between the appellate and circuit court is strong and decided. *Foote* v. *Foote, supra.* Here, in addition to the judgment of the circuit court,

we have the concurring opinion of the Appellate Court, composed of impartial and able judges, and unless quite clear in our conviction that the allowance is so excessive as to amount to an abuse of discretion, we would not be warranted in disturbing the decree. We are not thus clear. The allowance is but temporary, and, at most, will extend but for a brief period, and will, at all times, be subject to modification to meet any new or unforeseen circumstances. Appellee's present necessities are shown to be great, and appellant is, tacitly, at least, conceded to be worth $45,000 in property, that fairly managed must be productive of a considerable income. Although full liberal, as it appears to us, we can not say that the allowance is excessive.

The decree of the Appellate Court is affirmed.

<em>Decree affirmed.</em>