Dooley v. Dooley.

PATRICK F. DOOLEY

v.

SARAH M. DOOLEY.

19   391
79   616
19   391
180s 508

1. ALIMONY PENDENTE LITE—PRACTICE.—The court is of opinion that it is not necessary that the facts to justify an order or decree for the payment of moneys pending a divorce proceeding; for the maintenance of the wife and children of the husband, should appear either upon the face of the decree or in the record. But, whatever the rule may be, sufficient evidence appears in this record to sustain the order made.

2. SAME.—Decrees for alimony *pendente lite* are interfered with by courts of review only where it is affirmatively shown that the amount allowed is excessive.

APPEAL from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding. Opinion filed April 5, 1886.

Messrs. HALEY & O'DONNELL, for appellant.

Messrs. FLANDERS & SHUTTS, for appellee.

BAKER, J. Sarah M. Dooley exhibited in the Will Circuit

Court her bill for a divorce, charging her husband, Patrick F. Dooley, with habitual drunkenness for a period of more than two years; and afterward presented two supplemental bills alleging matters of threatened misconduct upon his part, and praying for injunctions. Answers were filed to these several bills. At the January term of the court, 1885, a rule *nisi* was entered against appellant that he should pay to appellee $100 as alimony *pendente lite,* and $50 as solicitor's fees, or show cause; but the rule was not either complied with or made absolute. At the May term of the court and on the 27th day of June, 1885, the rule, upon a hearing, was modified by the court, and an order entered of record to the effect that the court, having heard read the affidavits in support of the application of the complainant for alimony *pendente lite,* and having heard the evidence and arguments of counsel, and being fully advised in the premises, doth order that the defendant pay to complainant's solicitors for the use of said complainant and her children the sum of two hundred and fifty dollars on or before July 15, 1885, and fifty dollars per month on the 15th day of each month thereafter, during the pendency of the suit.

The objections urged to the order are two—that the amount allowed by the decree as alimony *pendente lite* and solicitor's fees is excessive; and that there is no evidence in the record to sustain the decree.

There is in the decree no finding of the facts upon which it is based; but it does appear therefrom that evidence and affidavits in support of the application made by the complainant were heard by the court. It may also be noted that it is further shown, by the order of the court allowing this appeal, that leave was given to file certificate of the evidence within twenty days; but it would seem such certificate was not filed.

By section 15 of the Divorce Act, it is provided that in every suit for a divorce the wife, when it is just and equitable, shall be entitled to alimony during the pendency of the suit, and that the court may also require the husband to pay, during such pendency, such sum or sums of money as may enable her to maintain or defend the suit. The 13th section of the

Dooley v. Dooley.

act gives the court power to make such order concerning the custody and care of the minor children of the parties during the litigation as may be deemed expedient and for the benefit of the children. In Foss v. Foss, 100 Ill. 576, the court held that this power to make an order concerning the care of minor children very clearly included power to make an order for the payment of a sum reasonably necessary for their support.

It may well be doubted that it is necessary that the facts, to justify an order or decree for the payment of moneys pending a divorce proceeding for the maintenance of the wife and children of the husband, should appear either upon the face of the decree or in the record. In Parker v. Parker, 61 Ill. 369, a decree for alimony was affirmed, although the facts upon which the decree was based were not found therein, or the evidence otherwise preserved in the record. That such evidence or facts did not appear in the record is indicated by various statements found in the opinion of the Supreme Court, and fully appears from an examination of the transcript of the record on file at Ottawa. In that case it was said of the appellant: "He is in the same situation precisely as is any debtor against whom a decree for the payment of money in installments is required to be made. It can not be that the court would have no power to decree alimony in money simply because the defendant has no productive property, or even if he was destitute of property. Mere want of means does not release a father from the duty of supporting his helpless infant children, or from contributing to the support of a wife, and especially so when he may have obtained a large amount of means from his wife."

But even if the rule be otherwise, yet we think sufficient evidence appears in this record to sustain the order made by the court. The original bill and supplemental bills are sworn to, and there are in the record affidavits of the truth of the matters stated in them. From the statements found in these bills, in connection with that which appears from the answers or otherwise in the record, these facts, among others, are deducible: Appellee is the mother and appellant the father of eight minor children, the oldest of whom is sixteen years of

Dooley v. Dooley.

age, and the youngest but one year old, and the elder four of the children are girls; and the mother and eight children are living by themselves in a little house some distance from that occupied by the father, she claiming that she was forced to leave his house and take the children with her; the husband is the owner of a considerable amount of real estate and personal property, but its value does not appear, either from the bills or answer; the wife claims that a portion of the property, the title to which is in the husband, was purchased with moneys obtained from her after their marriage; and the husband claims the possession and control of the eighty-acre tract of land owned by her, for a period of three years yet to come, to recompense him for expenditures and improvements made thereon; and the order making the allowance was entered six months after the bill for divorce was filed, and four months after the wife and children had ceased to reside with the father.

We are unwilling to hold it was an abuse of judicial discretion in the circuit court to adjudge that appellant, who is engaged in active business affairs and is the owner of considerable real estate and personal property, the amount and value of which he has not disclosed, although they are matters especially within his own knowledge, should pay, in discharge of legal duty, the sum of $50 per month during the limited period of the pendency of the divorce suit for the support of his wife and eight children, all of which latter, either by reason of sex or age, or both, are in need of a mother's care, and presumably unable to make provision for themselves. Now, under the circumstances, can an allowance of $250 for their past maintenance, at a domicile other than his own, for a space of four months, and for the solicitor's fees and expenses of litigation which had involved the filing of three bills of complaint and the obtaining of two writs of injunction, and had already lasted six months without coming to trial, be regarded as such abuse of discretionary power as to demand the interference of an appellate tribunal?

The question of allowances of the kind here under consideration is largely a matter of judicial discretion to be exer-

cised by the court of original jurisdiction. The rule in this State is that the appellate court is only authorized to reverse on the ground such allowance is excessive, when the difference in judgment between the appellate and circuit courts is strong and decided. Foote v. Foote, 22 Ill. 425; Jenkins v. Jenkins, 91 Id. 167; Foss v. Foss, 100 Id. 576; Parker v. Parker, 61 Id. 369. In the case last cited it was said: "But for aught that appears in the record, plaintiff in error may have been in the receipt of a large income." It would seem from an examination of the reported cases that decrees for alimony *pendente lite* are interfered with by the courts of review only where it is affirmatively shown that the amount allowed is excessive. The husband, if he deems himself aggrieved, always has it in his power to remedy an improper or excessive decree by taking a certificate of the evidence. Besides this, the allowance is but temporary and subject to modification by the court below. Appeals in matters of this sort should only be sustained when they are clearly meritorious, as their evident tendency is to defeat the just and equitable intention of the statute, which is to make a temporary provision for the support of the wife and children.

We see no good cause for disturbing the order and decree of the circuit court, and it is affirmed.

Affirmed.