Umlauf v. Umlauf.

# LEWIS UMLAUF
## V.
## VICTORIA UMLAUF.

*Divorce—Alimony* Pendente Lite—*Discretion—Allowance for Support of Children—Custody of Children—Practice.*

1.  Under Sec. 15, Chap. 40, R. S., the allowance of alimony to the wife for her support, pending a suit for divorce, and to enable her to maintain or defend the suit, is discretionary with the trial court, and this court will not interfere on the ground that the allowance is excessive, unless the difference in judgment is strong and decided.

2.  In the exercise of such discretion, especially when the wife is defendant and the fact of marriage is not in controversy, the determining considerations are the necessities of the wife and the financial ability and circumstances of the husband.

3.  The court has power to include in the award such sum as is reasonably necessary for the support of the minor children of the parties remaining in the custody of the wife.

4.  This court can not consider an assignment of error to the effect that the court below refused or neglected to award the custody of the children to the complainant, when the only allusion to the matter in the record is a request or suggestion of relief in his answer to the defendant's petition for alimony, and it does not appear that the question was considered or passed upon by the court below.

[Opinion filed June 15, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. E. S. Holbrook, for appellant.

Messrs. Blanke & Chytraus, for appellee.

Bailey, J.  On the 12th day of February, 1883, Lewis Umlauf, the appellant, filed his bill in the Superior Court of Cook County against Victoria Umlauf, the appellee, for a divorce on the ground of desertion.  Issues were formed upon said bill by answer and replication, and on the 22d day of October, 1883, the cause was heard on pleadings and proofs, and a decree rendered in accordance with the prayer of said bill. On appeal to this court said decree was affirmed, but on a further appeal to the Supreme Court the decree was reversed and the cause remanded to the Superior Court for a re-hearing. On the 20th day of December, 1886, said cause being still pending in the Superior Court, the defendant filed in that court her sworn petition for the allowance to her of. alimony *pendente lite*, sufficient in amount for the support of herself and her two children, and also a sum of money for her solicitors' fees.  The complainant filed a sworn answer to the petition, and upon hearing, an order was entered requiring the complainant to pay the defendant $20 by Saturday, December 25, 1886, and $10 per week thereafter until the further order of the court, and that he also pay the defendant's solicitors the sum of $100 before the final hearing of the cause.  From this decree the complainant has appealed to this court.

The marriage of the parties is not in controversy.  The defendant's averment in her sworn petition that she has no money or property of her own wherewith to support herself and children, or to pay the fees of her solicitors, is not denied. The only attempt to meet such averment is the statement of the complainant in his answer, that he is informed and believes that the defendant lives by herself in a two-story house well furnished and "that she has a backer in her acts of conspiracy who is well fixed financially, and who gives her assistance," and such statement does not, even if such information is true, establish the fact that she is the owner of said house and furniture, or that she has any property or means of support of her own.

That the complainant is a man of some means is admitted, the only controversy being as to the amount of his property, the defendant placing it at from $20,000 to $25,000 while the complainant swears that it does not exceed $5,000 over and above all his debts and liabilities. In addition to owning said property, he is engaged in business the avails of which, as he virtually admits, are nearly or quite sufficient for the support of himself and those depending upon him.

We are of the opinion that the case is one in which the court below was justified in the exercise of its discretion to award alimony *pendente lite* and solicitors' fees.

The statute provides that, "in all cases of divorce, the court may require the husband to pay to the wife, or pay into court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit; and in every suit for divorce, the wife, when it is just and equitable, shall be entitled to alimony during the pendency of the suit." R. S. Chap. 40, Sec. 15. Under this statute, as well as at common law, the allowance of alimony to a wife for her support pending a suit for divorce, and to enable her to maintain or defend the suit, is discretionary. Foss v. Foss, 100 Ill. 576. In exercising such discretion, especially in cases where the wife is defendant, and where the fact of marriage is not in controversy, the determining considerations are, the necessities of the wife and the financial ability and circumstances of the husband. The merits of the controversy between the parties, if to be considered at all, are of secondary and minor importance. Here the wife is shown to be without means of her own, and the litigation has been and is likely to be protracted and expensive. The husband is shown to have property and resources to such amount as will enable him to pay to the wife a reasonable allowance during the litigation.

We can not say that the amount of the alimony awarded is too large. The defendant has the custody and is supporting two small children, the fruit of her marriage with the complainant. While the order granting alimony makes no allusion to said children, the question of their support was presented both by the defendant's petition and the complainant's answer

Umlauf v. Umlauf.

thereto, and we may well presume that the necessary expense of their support was considered by the court in determining the amount of the alimony.   That the court had power to include in the award such sum as was reasonably necessary for their support, is well settled.   Foss v. Foss, *supra;* R. S. Chap. 40, Sec. 13.

The order as to alimony *pendente lite* will remain during the pendency of the suit subject to the control of the court below, and if it should prove to be too burdensome to the complainant, it will be within the power of that court to modify it; and for that reason, as well as for the reason that the amount of alimony is discretionary with the court below, this court should not reverse the decree on the ground that the amount awarded is excessive, unless the difference in judgment between this court and the court below is strong and decided.   Such however is not the case.

Error is assigned upon the refusal or neglect of the court to enter an order in this proceeding awarding the custody of said children to the complainant.   It does not appear that the complainant interposed any motion to have the custody of said children committed to him, and the only allusion in the entire record to that subject is a request or suggestion in his answer to the defendant's petition for alimony, that said children be placed in his custody *pendente lite.*   We are of the opinion that affirmative relief can no more be obtained upon answer in this proceeding than in ordinary proceedings in chancery. Further than this, no evidence was offered from which the court could determine whether the custody of said children ought to be given to the complainant; and as the decree makes no allusion to that subject, we may well presume that it was not called to the attention of the court below, and that it was not considered or passed upon.

We find no error in the record, and the decree will therefore be affirmed.

*Decree affirmed.*