## VICTOR L. BURGHOFFER

v.

## LYDIA C. BURGHOFFER.

*Separate Maintenance—Payment of Alimony and Solicitor's Fees.*

1.   An order to pay alimony in a proceeding for separate maintenance must always be based upon a showing of an ability to pay.

2.   Where separate maintenance is awarded, and it appears that the defendant is unable to pay anything as alimony, upon a proper showing it may be awarded at some subsequent date.

### [Opinion filed November 17, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Messrs. ARTHUR B. WILSON and WALPOLE WOOD, for appellant.

No appearance for appellee.

MR. JUSTICE WATERMAN.   Appellee filed a bill asking for a decree for separate maintenance by her husband, appellant. The court below found that she was entitled to a separate maintenance, and entered a decree upon such finding.   At the same time the cause was referred to a master in chancery to take testimony on the question of alimony and report with his conclusions.

On May 7, 1892, an appeal was taken by defendant from such decree to this court.

On June 27, 1892, the master in chancery filed his report in said cause, with the testimony taken by him on the hearing attached thereto, from which it appeared that the defendant is engaged in business as a jeweler in a little corner, not to exceed six by seven feet in size, of a drug store in Chicago, at a rental of $5 a month; that the stock of goods

Burghoffer v. Burghoffer.

in his business is not worth over $299; that he is indebted on a promissory note past due to one Germer, his landlord, in the sum of $300; that he owes $70 to his father, besides other sums of money for goods; that he is boarding with his father, and pays him board at the rate of $3 a week, and has other necessary expenses; that the net profits from his sales do not exceed $5 a week, which is not more than sufficient to pay store rent and board. Said report closes as follows:

"Said jewelry business is the only business and occupation and only source of income of the said Victor L. Burghoffer. I therefore conclude that said Victor L. Burghoffer is not at present able to pay any alimony whatever. I therefore respectfully recommend that the prayer of the complainant for an order for alimony be at present denied."

Appellee filed objections to the master's report; and on July 11, 1892, the court entered an order sustaining said exceptions, and ordering appellant to pay complainant $2.50 "on or before next Monday," from which order an appeal was allowed to this court.

On July 27, 1892, the court entered an order requiring appellant to pay appellee $2.50 on Monday of each week thereafter, and to pay her solicitor $50 on or before September 15, 1892, from which order an appeal was taken and perfected to this court.

In the view of the writer of this opinion, the evidence was insufficient to warrant a decree for separate maintenance, unless the fact that a man takes his wife to his father's house to live is to be considered as a sufficient cause. In my judgment, the weight of the evidence was in favor of appellant as to all matters in dispute.

The other members of this court do not agree with me in this conclusion, and the decree of the Superior Court awarding to appellee a separate maintenance is affirmed.

The court, however, is unitedly of the opinion that the order requiring appellant to pay alimony and solicitor's fees should not have been made. Such orders must always be based upon a showing of an ability to pay. Becker v.

Becker, 15 Ill. App. 247; Umlauf v. Umlauf, 22 Ill. App. 580; Bishop on Marriage and Divorce, Vol. 2, Sec. 494.

The undisputed evidence as to his present condition justifies the conclusion of the master that appellant is unable to pay anything. His stock in trade is found not to be worth over $300, and he is indebted to a larger amount. His entire income does not exceed $5 a week, out of which he pays his father $3 per week for board.

It is not shown that it is possible for him to obey the order of the court.

Orders of this kind, if valid, may be enforced by imprisonment. Appellant is in peril of being sent to jail for a failure to pay sums which there is no showing he is able to pay. Andrews v. Andrews, 69 Ill. 609.

The evidence also shows that appellee is able to earn one dollar a day at sewing, and that she has all the work she wishes to do. Her ability to support herself is quite equal to his to support himself.

The decree of the Superior Court awarding separate maintenance is affirmed, and the orders of the court commanding appellant to pay certain sums as alimony and solicitor's fees are reversed.

Appellee is at liberty at any time to apply to the court below, and upon a proper showing of appellant's ability to pay, to have a further order for the payment of alimony.

*Affirmed in part and reversed in part.*