Common Pleas Court of Cuyahoga County.

BELLE CONANT v. MERTON CONANT.

Decided, May 18, 1914.

*Alimony—Grounds Upon Which a Modification May be Secured of Decree Fixing Allowance—Method of Procedure—What Constitutes Changed Conditions.*

1. The proper procedure where it is sought to have a decree for alimony modified is by filing a petition asking for a modification for reasons which have arisen since the rendition of the original decree. (*citing Mecklenburg ca. . .*)

2. The change in the circumstances of the petitioner, which will warrant a modification of the original decree, must be of so material a character as to make necessary a modification of the original decree to suit the altered condition of the parties. (*citing Olney v. Watts*)

3. The loss by the wife of the aid of her son because of his prospective marriage does not constitute a change of circumstances warranting a modification of the decree, since it must be presumed that the court in granting the decree had in mind the probability that the young man would marry in due time.

*Walter C. Ong,* for plaintiff.
*David E. Green,* contra.

FORAN, J.

On the 24th of September, 1912, Belle Conant, the plaintiff herein, was awarded a judgment or decree for divorce from the defendant, Merton Conant, on the ground of gross neglect of duty. She was also awarded the custody of two minor children, Howard Conant, then about eighteen years of age, and Roger Conant, then about eleven years of age. The following is the entry that appears upon the court's trial calendar:

"To court. Decree for plaintiff, gross neglect of duty. Awarded custody of minor children, subject to right of defendant to visit, etc. Plaintiff awarded $500 alimony, $50 to be paid in fifteen days, $50 in thirty days, balance payable $5 a week, beginning September 15, 1912. Defendant to pay $1,200 for support of minor child, Roger, $5 a week until paid. O. S. J."

. Counsel for plaintiff, in preparing the journal entry, with respect to the order for alimony, used this language:

"It is further ordered, adjudged and decreed by the court, that the defendant, Merton Conant, shall pay to the plaintiff, Belle Conant the sum of $50 on or before October 5th, and $50 on or before the 15th day of October, and $5 per week commencing on the 15th day of September, 1912, until he shall have paid to the plaintiff, Belle Conant, the total sum of $500. And the further order of the court is, that the defendant, Merton Conant, shall pay to the plaintiff, Belle Conant, the sum of $5 per week for the maintenance, care and support of Roger Conant, commencing the first week of October, 1912," etc., "and so on until the defendant has paid to the plaintiff for the maintenance and support of said child the sum of $1,200."

This decree was o.k'd. and journalized. It will be noticed that the language of the decree is infelicitous, but it is quite apparent, even from the decree as journalized, that the alimony allowed the plaintiff for herself was the lump sum of $500, payable in installments as set forth, and that the amount allowed the plaintiff for the support of the minor child, Roger Conant,

was also a definite and specified sum, in the amount of $1,200, payable in installments. That it was the intention of the court who heard the case and granted the decree to allow permanent alimony, in gross, to the plaintiff, for the support of herself and of said minor child, is conclusively shown by the entry made by the court upon its trial calendar.

On the 17th day of March, 1914, plaintiff filed in this court, in this case under its original number of 124270, a motion which reads as follows:

"Now comes plaintiff, Belle Conant, and moves the court for an additional order in this case for alimony, to be paid to her in such amount and for such period of time as to the court may seem reasonable and fair."

This motion is supported by an affidavit, in which it is said that at the time the divorce was granted her eldest son, Howard Conant, who was then about eighteen years of age, regularly and continually assisted and aided the plaintiff to live, keep house and keep her home. That the younger boy, Roger, is still with her and makes his home with her, but that Howard, who is now about twenty years of age, expects to be married in June, 1914, and that from that time on or from the present time he will be unable to assist her in her maintenance and support.

The affidavit contains no allegation that there was any fraud or mistake in obtaining the original judgment or decree, or that any facts bearing upon the relation of the parties, then unknown, have since been discovered. The only allegations of any changed conditions that have arisen since the entry of the judgment or decree for divorce are those relating to the fact that Howard Conant, her eldest son, expects to be married in June, 1914.

The case was fully heard, both parties being present in court at the time of the hearing, and all facts relating to the necessities of the wife, the plaintiff, and the ability of the husband, or the defendant, to pay alimony were brought to the attention of the court, and the judgment of the court was wholly and entirely based upon the evidence then before it. No appeal was

taken by the plaintiff, and no objection was made by her or her counsel to the amount of alimony allowed her, or allowed her for the support of the minor child, Roger. No provision was made for the support of Howard Conant, as it appeared from the testimony at the time that he was earning money and had been practically emancipated. The plaintiff, however, was awarded the custody of Howard, so as to prevent any interference with him by the defendant.

Counsel for the defendant asks that this proceeding be dismissed, first, because it is improperly brought, being by motion and not by petition; and, second, that the affidavit attached to the motion does not state sufficient facts to justify any modification or alteration of the original decree.

We think the contention of counsel for the defendant, that this proceeding should be by petition, is well taken.

It was held in the case of *Meissner* v. *Meissner*, by the Lucas County Circuit Court, 5 O. C. D., 305, that:

"The proper course for a plaintiff to take who seeks to have an alimony decree modified, is to file his petition in the common pleas court, in which he asks to have the decree modified, for reasons that have arisen since the rendition of the original decree; and such party must join all the proper parties to such proceeding, and have the case heard in the common pleas court."

Upon both theory and principle, this would seem to be the proper practice. The new facts or the new conditions must be such as could not have been pleaded in the original suit or brought to the attention of the court at the trial of the former action. They must relate to circumstances that arose after the decree or judgment was entered; and before the court will modify the decree or judgment, it must appear that a material alteration of the circumstances and conditions as they existed at the time of the former trial, has taken place. See Bish. Mar. & Div., 5th edition, Section 429. And this material alteration of circumstances must be of such a character as to make the modification necessary to meet and suit the changed and altered conditions of the parties.

In *Olney* v. *Watts,* 43 O: S., 499, the court say in the syllabus:

"A party to a decree for alimony may, by an original petition and suit, obtain a modification of such former decree upon proper allegations of the changed conditions and circumstances of the parties."

It may be contended, however, that the language used by the court does not exclude a party from obtaining the relief sought by motion in the original case. But it must be remembered that the right to modify a decree for permanent alimony is an exception to the general rule, and does not pertain in all jurisdictions in this country. Indeed the weight of authority seems to be, that permanent alimony will not be granted after a judgment for divorce has been rendered, unless this right is reserved in the judgment. A decree for alimony may be modified after the time within which an appeal could have been prosecuted, because of fraud or mistake, the same as any other decrees. *Senter* v. *Senter,* 70 Cal., 613.

The proceeding to modify a decree for alimony is in the nature of a proceeding in equity, and should be by petition, so that the issues may be properly made up. The statements or allegations upon which the party seeks for such modification of decree for alimony may be wholly insufficient to justify the court in considering the application; in other words, the petition may be demurrable; and the defendant, it seems to the court, would have the same right to move or plead to such a proceeding or suit that he would have in any other suit or proceeding; and therefore it seems to the court that the proceeding ought to be by petition. So far as the court has been able to ascertain, this has been the practice in Ohio. It is also the practice in Indiana. See 3 Ind., 305. It seems to be also the practice in Michigan. See *Perkins* v. *Perkins,* 12 Mich., 456. Even in the case of *Crugom* v. *Crugom,* 64 Wis., 253, a case cited by counsel for the plaintiff, the proceeding was by petition, praying that the judgment be modified or amended so as to provide for suitable alimony to the defendant.

"An *original* bill may be maintained to set aside the decree on proper cause." 1 Bish., Mar. & Div., Sec. 1418. *Whorwood* v. *Whorwood,* 1 Rep. Ch., 223.

The principle of law that what is once adjudged is not to be retried applies in an issue of this kind, as in all others, unless the party seeking relief state and allege such facts as bring the case clearly within the exception. Hence the necessity of filing an original petition, in order that the defendant may be fully advised as to what is claimed and have an opportunity to avail himself of all the rights given him by law and the rules of pleading.

The second contention of counsel for defendant, that the affidavit contains no allegation of changed conditions, presents greater difficulties than the first contention.

It must be conceded that under the modern law of divorce the doctrine is well settled that a husband who, by his misconduct, has compelled his wife to live apart from him and secure a divoice must provide for her separate maintenance.

In most jurisdictions, including Ohio, we believe the doctrine to be that the needs of the wife and resources of the husband and his ability to earn money are the main questions to be considered in determining the wife's right to and the amount of permanent alimony allowed. It will not be denied that the sum allowed should be such as, from the circumstances of the parties and the nature of the case, shall appear just and reasonable. *Andrews* v. *Andrews,* 69 Ill., 609.

The sum allowed must be so clearly within the husband's ability as not to unreasonable reduce his own means of living. *Forrest* v. *Forrest,* 8 Bosw. (N. Y.), 640.

Just what is meant by a changed condition does not clearly appear from the authorities cited or examined by the court. The doctrine in Ohio, however, as appears in the second part of the syllabus in *Olney v. Watts, supra,* is that the allegations in the petition must not relate to circumstances and facts that existed and were or might have been pleaded in the former action, but to new facts "thereafter transpiring which are of such a character as to make the modification necessary to suit such altered con-

ditions of the parties.'' And as was said in *Meissner* v. *Meissner, supra:*

"The courts have no power to change the original order upon the facts that existed at the time the order was made, but may modify it upon any changed conditions accurring after the original decree which would authorize the court to interfere.''

At the time this case was heard and decided the eldest child of the parties, Howard, as has been said, was about eighteen years of age. He was then employed earning money and contributing towards the support of the mother, the plaintiff. But the fact that this boy might, after reaching his majority, marry, was as well known then as it is now; and it must be conceded that the court had that matter in mind at the time the decree or order was made. It was as well known then as it is today that any young man, after or before he reaches majority, might possibly marry. Indeed, marriage is the natural condition of man in social life; and I can not understand how the fact that this young man is expected to contract marriage in June, 1914, can be said to be a changed condition which would authorize the court to now interfere. The fact that this young man might, and in all probability would marry after he reached his majority, is a matter that we must conclude was within the contemplation of the plaintiff at the time she brought her case into court, and was within the contemplation of the court at the time he made the order allowing permanent alimony. It was said in *Hanitch* v. *Hanitch*, Iddings, T. R. D., 104, that:

"Where the only reason given in a petition to modify an allowance of permanent alimony, brought a year after the rendition of the decree, are that the husband is out of employment, that the valuation of his property as agreed upon at the time of such decree was excessive, and that he is compelled to rely upon the rents of such property for his support, such petition is insufficient, since it fails to show a changed condition of the parties, or of property, though facts were unknown to the court which should have been known to him when the original case was decided.''

In this case the husband was seeking a modification of the decree or order, alleging that he was out of employment, and that the valuation of his property as agreed upon at the time of said decree was excessive. It was held that these were insufficient allegations to show a changed condition of the parties, and very properly so held, and for the reason that any man may be out of employment at some time, but it does not follow that because he is out of employment today, he may not have employment tomorrow. And again, the claim that the valuation of his property, as agreed upon at the time, was excessive, could not be considered, for the reason that there is no allegation that there was any mistake or fraud in reaching the valuation agreed upon. If in this case, however, the husband had alleged that his health had been permanently impaired, and that he was no longer able to work or support himself, and that his property had greatly depreciated in value, and the rents thereof had been greatly lowered, there would have been allegations sufficient to show changed conditions.

The doctrine as laid down in *Rigney* v. *Rigney,* 62 N. J. Eq., 8, is, that it must be clearly shown that new or previously unknown facts required a modification of the original order or decree before such modification will be granted or made. And the same doctrine is laid down in *Straus* v. *Straus,* 19 N. Y. Sup., 671.

In the trial of this cause, September 14, 1912, the testimony showed that the defendant was a builder, that he had no personal property or real estate, and that the profits from his occupation were problematical. What he might make on one contract by way of profits might be lost on another contract. The court allowed the plaintiff $500 for her own maintenance, in gross, and also allowed her $1,200 in gross, for the support of the youngest child, making a total of $1,700; and as has been said, no objection was made at the time of the allowance; no appeal was taken, and the parties were apparently satisfied with the order made by the court.

It seems from the affidavit filed in support of the motion now before the court, that the $500 allowed the plaintiff has been

fully paid, and that the defendant has also paid all due installments on the $1,200 allowed for the support of the youngest child. It appears, therefore, that he has so far paid about $900, and that there is practically $800 still unpaid, which the defendant is apparently paying with regularity and promptness.

The court is unable to see, from the facts before it and the authorities cited, that it can afford the relief asked for by this motion, even if the first contention of counsel for the defendant was not well taken, that is, that this proceeding should be by petition. As has been already indicated, the court holds, however, that this contention is well taken, and that the plaintiff has no standing in court on this motion; that whatever rights she may have, if any, must be brought to the attention of the court by a proper proceeding, that is, by a petition in equity.

Therefore the motion will be overruled.