SMALL v. SMALL.

DIVORCE.—*Cruel Treatment.*—*Criminal Prosecution.*—A groundless prosecu-
tion of the husband, by the wife, for an alleged crime, resulting in his
trial and acquittal, is not "cruel and inhuman treatment," within the
meaning of the statute, entitling him to a divorce.

From the Clark Circuit Court.

*J. B. Meriwether*, for appellant.

WORDEN, J.—This was an action by the appellant,
against the appellee, for a divorce, on the alleged ground
of cruel and inhuman treatment of the plaintiff by the
defendant.

Trial by the court, which resulted in a finding and judg-
ment for the defendant.

The plaintiff appeals to this court, and has assigned as
error the overruling of his motion for a new trial.

The evidence is in the record.

The cruel treatment of which the plaintiff complains
consists of a groundless prosecution against the plaintiff,
for an assault and battery alleged to have been perpetrated
by the plaintiff upon the defendant, with intent to mur-
der her.

The record of the prosecution, which was had before a
justice of the peace, was given in evidence. It appears,
that Philip Simcoe, the father of the defendant, made the
affidavit on which the prosecution was based.

The affidavit charged, that, on or about December 24th,
1873, the plaintiff herein, David Small, at, etc., "feloni-
ously, purposely and with premeditated malice, did beat,
bruise and wound the said Milly Small, with intent there-
by, purposely, feloniously and with premeditated malice,
to kill and murder the said Milly Small, she being then
and there pregnant with a child, and thereby causing a
miscarriage of the said child."

The cause thus instituted was tried before the justice,

and the defendant in the prosecution, the plaintiff herein, was discharged.

Milly Small was examined as a witness in that prosecution, and testified that David Small struck her and tried to throw her over the bannisters, down stairs; that he then hurt her so as to produce a miscarriage, and she was prematurely delivered of a still-born child, with which she was pregnant at the time of the injury.

It was proved, however, by a physician who attended her at the time, that there was no miscarriage, and that about seven months afterward, viz., July 20th, she was delivered of a child that had gone the full period of gestation.

Assuming that the evidence of the defendant herein, on the trial of the criminal prosecution, was designedly false as to the miscarriage, it would seem that but little credit should be given to her evidence as to the assault and battery.

But, supposing the prosecution of the criminal charge to have been wholly groundless, and that the defendant herein was guilty of perjury, we are aware of no authority for holding the prosecution to be such cruel and inhuman treatment as would entitle the plaintiff to a divorce.

The last definition to the term "cruelty," given by Bishop, is as follows:

"Cruelty, therefore, is such conduct in one of the married parties as endangers, either apparently or in fact, the physical safety or health of the other, to a degree rendering it physically or mentally impracticable for the endangered party to discharge properly the duties imposed by the marriage." 1 Bishop Mar. & Div., sec. 717. See, also, note 4 to the same section, for collection of English and American cases upon the point.

Without determining what would be such cruel and inhuman treatment as would entitle a party to a divorce, we are of opinion that the prosecution noticed, though it

may have been groundless, and though the defendant herein may have perjured herself in that prosecution, was not such treatment.

The judgment below is affirmed, with costs.