Schoessow, Respondent, vs. Schoessow, Appellant.

*November 16 — December 6, 1892.*

*Divorce.*

Mere refusal of the husband to have sexual intercourse with the wife, if no mental or bodily injury and no impairment of her health results from such refusal, is neither "cruel and inhuman treatment" nor "wilful desertion," within the meaning of sec. 2356, R. S., authorizing a divorce on those grounds.

APPEAL from the Circuit Court for *Milwaukee* County.

Divorce. Plaintiff brought the action in August, 1891, alleging marriage June 20, 1890, and setting forth two alleged causes of action,— the first for cruel and inhuman treatment, a number of instances being set forth; the second for refusal to cohabit with plaintiff, except on one occasion, about three months after the marriage. The defendant answered, admitting the marriage, denying all allegations of cruelty, denying that he refused to cohabit with plaintiff, and alleging as a counterclaim that plaintiff refused to have sexual intercourse with him, except on one occasion, twelve days after the marriage, which refusal he alleged caused him much physical and mental suffering. Both parties prayed for an absolute divorce. On the trial considerable testimony was adduced on both sides in relation to the alleged acts of cruelty claimed by the plaintiff, and both parties testified to refusal to permit intercourse by the other, in accordance with the claims of their pleadings. The court made no findings as to the plaintiff's first cause of action, and only found that the defendant (the husband) was "guilty of cruel and inhuman treatment in that he refused to cohabit with the plaintiff, although being of sufficient ability to do so." Upon this finding an absolute divorce was adjudged to the plaintiff, and the defendant was adjudged to return certain personal property, and pay

plaintiff weekly alimony. From this judgment, defendant appeals.

For the appellant the cause was submitted on the brief of *Sylvester & Scheiber.* To the point that refusal of sexual intercourse alone is not a cause for divorce, either as amounting to statutory cruelty or desertion, they cited *D'Aguilar v. D'Aguilar*, 1 Hagg. Ecc. 776, 3 Eng. Ecc. 331; *Steele v. Steele*, 1 MacArthur (D. C.), 505, 506; *Southwick v. Southwick*, 97 Mass. 327; *Cowles v. Cowles*, 112 Mass. 298; *Reid v. Reid*, 21 N. J. Eq. 331, 332; *Magill v. Magill*, 3 Pittsb. (Pa.), 25; *Gorden v. Gorden*, 48 Pa. St. 226–228; *Eshbach v. Eshbach*, 23 Pa. St. 343–345; *Coble v. Coble*, 2 Jones Eq. (N. C.), 392–395; *Fritz v. Fritz*, 138 Ill. 436, and authorities there cited.

*M. N. Lando*, for the respondent.

WINSLOW, J. We suppose that the circuit judge failed to make any findings as to the acts of personal violence which were alleged by plaintiff and denied by defendant, because he deemed the bare fact of refusal to permit sexual intercourse a sufficient ground for divorce *a vinculo.* In this we think he was mistaken. That fact alone does not, either in reason or authority, constitute "cruel and inhuman treatment." No injury to the plaintiff, either mental or bodily, is alleged or proven to have resulted from such refusal; nor is her health claimed to have been impaired. We are not, therefore, called upon to decide what might be the effect had such facts been in the case. 1 Bish. Mar. & Div. (6th ed.), § 738, and cases cited. Nor, under the better authority, does such fact alone constitute "wilful desertion." We are satisfied with the discussion of this question in *Fritz v. Fritz*, 138 Ill. 436, where the authorities are reviewed, and we deem it unnecessary to add anything here.

We shall not attempt to decide the disputed question as

to cruel and inhuman treatment, upon which the circuit
court did not pass. We deem it best that the trial court
should first make findings on this question. The cause
will be remanded, with directions to the circuit court to
pass upon the issue of cruel and inhuman treatment upon
the testimony already taken, with the right to receive and
consider further testimony if necessary.

*By the Court.*— Judgment reversed, and cause remanded
for further proceedings in accordance with this opinion.

The refusal of marital intercourse as ground for divorce is discussed,
with a review of the authorities, in a note to *Fritts v. Fritts,* 14 L. R. A.
685.—REP.

