AMBROSE J. AURAND

*v.*

EVA AURAND

*Filed at Ottawa October 11, 1895.*

1. DIVORCE—*what will sustain charge of cruelty in suit by husband against wife.* A husband seeking divorce from his wife for extreme and repeated cruelty must make out a clear case, slight acts of violence, against which he is not shown to be unable to protect himself by a proper exercise of his marital powers, not being sufficient.

2. SEPARATE MAINTENANCE—*solicitor's fees and maintenance—discretion of court in allowing, is reviewable.* Allowances to a wife of solicitor's fees and separate maintenance rest in the judicial discretion of the chancellor, the exercise of which is reviewable, though a decree fixing these will not be disturbed unless there is a decided difference of opinion between the lower and the reviewing court.

3. SAME—*what is a reasonable allowance for solicitor's fees and maintenance.* A solicitor's fee of $150 for defending a divorce suit and obtaining decree of separate maintenance on cross-bill, and $30 per month for such separate maintenance, are not unreasonable allowances where the husband earned $125 per month as a railway conductor and owned ten acres of land costing $1350, though the latter was unproductive.

*Aurand* v. *Aurand,* 55 Ill. App. 426, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

STEPHEN K. ALBRIGHT, and WILLIAM H. MARTZ, for appellant.

E. S. MURPHY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill for divorce, filed by the appellant, the husband, against appellee, the wife, asking for a divorce upon the ground of extreme and repeated cruelty. Appellee answered the bill, denying its charges; and filed a cross-bill for separate maintenance, which was answered by appellant. After hearing had upon evidence introduced by both sides, the circuit court rendered a decree, dismissing the original bill of divorce filed by appellant for want of equity, and granting to the appellee relief upon her cross-bill. Upon the issue made by the cross-bill, the decree found, that the appellant left his home on March 14, 1893, and refused to live with appellee without a just and reasonable cause, and has since continued to live separate and apart from her without fault on her part; and the decree ordered that appellant should pay to appellee the sum of $50.00 per month until the further order of the court, and to her solicitor the sum of $150.00 for solicitor's fees.

An appeal was taken from the decree of the circuit court to the Appellate Court. The Appellate Court affirmed the decree of the circuit court upon the issue formed upon the original bill for divorce and the answer thereto, but, upon the issue made upon the cross-bill, reversed the decree, and remanded the cause to the circuit court, with directions to the latter court to so modify its decree, as to reduce the monthly allowance to be paid

by appellant to appellee from $50.00 to $30.00.    The present appeal to this court is prosecuted by the appellant for the purpose of reviewing the whole decree.

We think, that the decree was correct in dismissing the original bill for want of equity. Where a husband asks a divorce from his wife upon the ground of extreme and repeated cruelty, he must make out a clear case. It is not sufficient to show slight acts of violence on her part towards him, so long as there is no reason to suppose that he will not be able to protect himself by a proper exercise of his marital powers. (*De LaHay* v. *DeLaHay*, 21 Ill. 251; *Fritz* v. *Fritz*, 138 id. 436). The evidence here does not make out a clear case of cruelty; nor does it establish such a course of bad conduct on the part of the wife towards the husband, as to satisfy the court that it is unsafe for him to cohabit with her. (*De LaHay* v. *De LaHay, supra.*)

The testimony shows, that the appellant is a conductor upon one of the railroads running out of the city of Chicago, and receives a salary of $125.00 per month, and that the only property which he owns is a tract of ten acres of land in Florida, for which he paid $1350.00, and from which he receives no income. It also appears from the evidence that, when he abandoned his wife, he left $1000.00 in money and a small amount of household furniture with her. The parties had no children.

We are unable to say, that the amount of the solicitor's fee as fixed by the decree is unreasonable in view of the services rendered as shown by the evidence. In suits for separate maintenance, the statute provides, that "the court may grant allowance to enable the wife to prosecute her suit, as in cases of divorce." (1 Starr & Cur. Stat. page 1281). The court may, in the exercise of judicial discretion, allow a reasonable solicitor's fee, and, while its orders in that behalf are subject to review, yet the exercise of its discretion will not be interfered with,

unless the allowance is excessive, which is not the case here. (*Johnson* v. *Johnson*, 125 Ill. 510).

As to the amount directed to be paid to appellee each month, appellant claims that the Appellate Court erred in allowing $30.00 a month, while appellee assigns it as a cross-error, that the Appellate Court reduced the amount allowed by the circuit court from $50.00 to $30.00 per month. We are not disposed to disturb the ruling of the Appellate Court. While the allowance of alimony is said to be discretionary, yet the discretion in such cases must be judicial and not arbitrary, and its exercise is subject to review; and yet a decree, fixing the amount to be paid in such cases for the support of the wife, will not be disturbed, unless there is a strong and decided difference of opinion upon the subject between the Appellate Court and the circuit court. (*Foote* v. *Foote*, 22 Ill. 425). We have said, that, in such cases, an Appellate Court is only authorized to reverse upon the ground that the allowance is excessive, where "the difference in judgment between the Appellate and circuit court is strong and decided." (*Foss* v. *Foss*, 100 Ill. 576). The action of the Appellate Court shows, that such a difference in judgment here existed between that court and the trial court; and, in view of the circumstances of the case, we are inclined to the opinion, that the amount fixed by the Appellate Court is reasonable and fair. We do not, however, regard the case of *Umlauf* v. *Umlauf*, 128 Ill. 378, as an authority for any such reduction in the allowance as has been made here. In the *Umlauf case, supra,* the question was not whether the monthly award, there made for the support of the two children there named, was or was not too great; but the amount which had been ordered to be paid to the mother for the support of two children was reduced one-half, solely because the custody of one of the children was taken from her and given to their father.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*