Martha Wand, Plaintiff in Error, v. Thomas Wand, Sr., Defendant in Error.

### Gen. No. 5,019.

ALIMONY—*when amount fixed by court will not be disturbed.* A decree fixing alimony and solicitor's fees will not be disturbed as to amount unless there is a decided difference of opinion between the lower and the reviewing court.

Separate maintenance. Error to the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

F. R. MOORE and NELLY B. KESSLER, for plaintiff in error.

M. K. SMITH and KAY, SAUM & KAY, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

On September 22, 1907, Martha Wand, plaintiff in error, filed her unverified bill in the Circuit Court of

Iroquois county, charging her husband, Thomas Wand, Sr., defendant in error, with desertion, and praying for an allowance for her separate maintenance. The defendants filed a demurrer to the bill, which from the record does not appear to have been passed upon. On November 20th the complainant entered her motion in such suit for an order for temporary alimony. On December 5th the court made an order for the payment to complainant of forty dollars per month as temporary alimony, the said payments to begin December 1, 1907, and that the defendant pay within ten days the further sum of twenty dollars due the attending physician of complainant, and also the further sum of thirty dollars owing by complainant for coal and supplies. On December 11th the court, on motion of the complainant, made a further order that the defendant in error pay to "Moore & Kessler, solicitors for complainant, the sum of one hundred dollars within thirty days as and for their reasonable solicitor's fees and expenses to date." On December 21, the complainant made a motion "that the court increase the allowance for nurse attendance to begin as of the date of September 14, 1907." This motion the court denied.

From that order complainant prosecutes this writ of error.

The affidavits filed on the hearing of the original motion for an allowance for complainant's maintenance show that the complainant is seventy-two years of age and that the defendant is seventy-six years of age and owns real estate worth about twenty-two thousand dollars; that during the greater part of two years prior to the filing of the bill the defendant had paid her four hundred dollars per annum and for the remaining part of that time he paid her thirty dollars per month, which sum is considerably more than one-half of the defendant's net income; that the complainant had in addition thereto the exclusive use of the defendant's homestead, and received from renting part of the home-

stead one hundred dollars, and also received six dollars per month income from a small property of her own, and that she owes the defendant seven hundred dollars for borrowed money which had been secured by a mortgage on some real estate owned by complainant in Colorado, which mortgage defendant had released when complainant sold her said Colorado property.

From the affidavits presented to the court on the part of complainant, on the hearing of the motion the overruling of which this writ of error is prosecuted to reverse, it does not appear that her necessities are as great as they were when the first order for an allowance was made. She states that between November 20th and December 21st she has become a sufferer from vertigo, but that she feels better and stronger than she was in September when she had an attack of paralysis. The counter-affidavits show that when the motion for an increase of her allowance was made, she had recovered from her attack of paralysis, and was in her usual health and was about visiting her neighbors almost daily. It is also shown that the respondent is a cripple, and only gets about in a wheeled-chair; he claims to have had to leave his home because of his feeble condition and the refusal of complainant while she was in good health to give him any attention when he could not care for himself.

Both parties to this suit had been married before and had had children by their former marriages. The affidavit of complainant requests the court to order payments of twenty-five dollars per week from September 14, 1907, to David Booth, a son of complainant by her former marriage. From the affidavit of said son filed on behalf of complainant, he appears for some years to have been an invalid and unable to work, and that in the fall of 1906 he agreed to go to Onarga to care for complainant, and that complainant was to pay him twelve dollars per month for her board, and he and his

wife were to live with the complainant, and that said Booth and his wife went to Onarga to live with complainant under such agreement. The motion from appellant's own showing impresses us as being an attempt to get assistance for a stepson, rather than additional support for appellant.

Allowances to a wife for solicitors' fees and separate maintenance rest in the judicial discretion of the chancellor, and a decree fixing these will not be disturbed, unless there is a decided difference of opinion between the lower and the reviewing court. Aurand v. Aurand, 157 Ill. 321; Foss v. Foss, 100 Ill. 576. The only ruling of the court of which complaint is made is the refusal to increase the allowance for support, and we cannot from the showing made say that her allowance was insufficient. No change in the circumstances of complainant requiring an increase was shown. The order of the court overruling the motion is therefore affirmed.

*Affirmed.*