## FOSTER *v.* FOSTER.

[No. 11,528. Filed March 7, 1923.]

DIVORCE.—*Grounds.*—*Cruel and Inhuman Treatment.*—*Evidence.* —*Sufficiency.*—A decree of divorce will not be awarded to a husband on the ground of cruel and inhuman treatment based on the refusal of the wife to have sexual relations with him and to have children by him, causing great distress of mind,

where there is no evidence of such distress, or as to the physical condition of the parties, or that the husband in any way objected to or remonstrated with his wife in regard to such conduct.

From Marion Superior Court (A13,973); *Theophilus J. Moll,* Judge.

Action by Earl Foster against Bertha Foster. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

ENLOE, J.—This was an action by the appellant against the appellee for divorce. There was no appearance by the appellee and she was defaulted. The prosecuting attorney, as was his duty, appeared in the case and resisted the granting of the decree. There was a trial, and, after hearing the evidence offered by and on behalf of the appellant, a divorce was denied. Appellant's motion for a new trial was overruled and this action of the court is assigned as error.

No brief on behalf of the appellee has been filed in this court, but, as has been many times said, the state has an interest in these matters on grounds of public policy; the home is the real foundation of society, of government, and the severance of the marriage relation, by divorce, has a direct influence upon public morals. For these reasons courts are very careful not to grant divorces unless the case made comes clearly within the statute. Our statute (§1067 Burns 1914, §1032 R. S. 1881) has emphasized this matter by providing, "Divorces may be decreed upon the application of the injured party, for the following causes and no other."

The ground upon which the appellant sought a divorce was the alleged "cruel and inhuman treatment" of the appellant by the appellee. The specific conduct upon which the appellant relies, as being or constituting such

cruel and inhuman treatment, being alleged statements by the appellee that, "that she did not love him;" "that she would not have children by him," and that she refused to occupy the same bed and have sexual relation with him.

The courts have not attempted to frame an exact and all-inclusive definition of "extreme and repeated cruelty," but generally content themselves with determining whether the facts in the particular case in question constitute such cruelty or not. 9 R. C. L. 335, and cases there cited. In the same text it is laid down as the modern rule, that whether the offending spouse has been guilty of legal cruelty is a pure question of fact, to be determined from all the circumstances in the case.

Our Supreme Court in the case of *Small* v. *Small* (1877), 57 Ind. 568, quotes I Bishop, Marriage and Divorce §717, as follows:—" 'Cruelty, therefore, is such conduct in one of the married parties as endangers, either apparently or in fact, the physical safety or health of the other, to a degree rendering it physically or mentally impracticable for the endangered party to discharge properly the duties imposed by the marriage.' "

The appellant seems to plant his case upon the proposition that the refusal by the wife to have sexual relations with him and to have children by him, was in and of itself an act of cruelty within our statute, such as entitles him to a divorce. It has been held in Michigan and Washington, under the statutes of those states, that such conduct on the part of the wife, if without good excuse, does entitle the husband to a divorce, but, under statutes similar to our own, the great weight of authority is the other way; such conduct has been expressly held not to be such cruel treatment as to authorize the granting of a divorce. *Pinnebad* v. *Pinnebad* (1910), 134 Ga. 496, 68 S. E. 73; *Stewart* v. *Stewart* (1887), 78

Me. 548, 7 Atl. 473, 57 Am. Rep. 822; *Cowles* v. *Cowles* (1873), 112 Mass. 298; *Burton* v. *Burton* (1893), 52 N. J. Eq. 215, 27 Atl. 825; *Lohmuller* v. *Lohmuller* (1911), (Tex.) 135 S. W. 751; *Wills* v. *Wills* (1914), 74 W. Va. 709, 82 S. E. 1092, L. R. A. 1915B 770; *Schoessow* v. *Schoessow* (1892), 83 Wis. 553, 53 N. W. 856; *Severns* v. *Severns* (1903), 107 Ill. App. 141

In the case at bar we note that the appellant had charged in his complaint that the alleged wrongful conduct of the appellee "caused him great distress of mind," yet, in his testimony, as set forth by counsel in the brief filed herein, he is entirely silent upon this subject; there is no evidence of any distress of mind whatever. Also, there is no evidence as to the physical condition, or health of appellee, at the time in question, or as to the physical condition of the appellant, or that the appellant in any way objected to or remonstrated with his wife as regards her said alleged conduct. For aught that appears in this case his testimony as given upon the trial, may be taken as literally true, and he be yet a long way from being entitled to a divorce.

In *Ruby* v. *Ruby* (1867), 29 Ind. 174, it was said: "The contract of marriage imposes obligations of the highest legal and moral character, and should not be annulled or disturbed for slight or trivial causes; and whilst this court may exercise a supervisory control in such cases over the action of the lower courts, in cases clearly requiring it, still, where a divorce for such cause has been refused, it should be a very clear case of an improper exercise of that power, to justify this court in reversing the judgment of the lower court." In the case of *Aurand* v. *Aurand* (1895), 157 Ill. 321, 41 N. E. 859, it was said: "Where a husband asks a divorce from his wife upon the ground of extreme and repeated cruelty, he must make out a clear case." And in *De La Hay* v. *De La Hay* (1858), 21 Ill. 251, it was said:

"While the general principles of law are the same, whether the suit be instituted by the husband or the wife, in the application of these principles, it is necessary to consider the relative rights which the marriage has created, and perhaps the physical constitutions and temperament of the parties. And it must, therefore, be a clear case which will induce the court to grant a divorce on the application of the husband, for the cruelty of the wife." In the case last cited the court in commenting upon the evidence said: "But whether he is wholly blameless does not appear, as he introduced no evidence to show that he was free from fault." In the case of *Doyle* v. *Doyle* (1858), 26 Mo. 545, it was said: "But when one of the parties, and especially the husband, complains of the cruelty of the wife, he must look well to it that his own deportment has not contributed * * * to the wrong of which he complains."

In this case, the judge who heard the testimony did not believe that the conduct complained of, under the facts shown in evidence, amounted to such cruel treatment, under our statute, as to warrant the granting of a divorce, and we cannot say that in this he erred. The judgment is affirmed.