## BLACK *v.* BLACK

No. 2621

October 2, 1924.                     228 Pac. 889.

1. DIVORCE—CAUSE OF ACTION FOR EXTREME CRUELTY HELD SUFFICIENTLY ALLEGED.

    Cause of action for extreme cruelty *held* sufficiently alleged in wife's complaint.

2. DIVORCE—DECISION ON CONFLICTING EVIDENCE AND CREDIBILITY OF WITNESSES FOR TRIAL COURT IN DIVORCE SUIT.

    Matters of conflict in evidence and credibility of witnesses in wife's divorce suit are for trial court, whose decree for plaintiff will not be disturbed where supreme court cannot say, on all evidence, that wrong conclusion was reached.

3. DIVORCE—CONCLUSION THAT WIFE DID NOT DESERT HUSBAND IN GOING TO HER PARENTS' HOME HELD JUSTIFIED.

    Evidence that wife went to parents' home with husband's consent *held* to justify conclusion, in her divorce suit, that she did not desert defendant.

4. DIVORCE—WIFE'S REFUSAL OF MARITAL INTERCOURSE NOT WILLFUL "DESERTION."

    Wife's refusal of marital intercourse with husband for more than year is not willful desertion under divorce statute, which contemplates complete withdrawal of marital cohabitation.

5. DIVORCE — FINDING AGAINST WIFE ON CAUSE OF ACTION FOR FAILURE TO PROVIDE HELD NOT INCONSISTENT WITH FINDING OF EXTREME CRUELTY.

    Finding against wife on her cause of action for divorce for failure to provide *held* not inconsistent with finding for her on cause of action for extreme cruelty, though failure to provide was admitted in answer.

6. DIVORCE—COURT NOT BOUND BY ADMISSION OF ALLEGED CAUSE OF ACTION.

    Trial court is not bound by admission of cause of action alleged in divorce suit.

7. DIVORCE—AWARD OF CUSTODY OF MINOR CHILDREN TO WIFE HELD WITHIN COURT'S DISCRETION.

    Award of care and custody of minor children to wife granted divorce *held* within court's discretion under civil practice act, sec. 24.

---

See 19 C. J. sec. 111, p. 59, n. 66; sec. 276, p. 111, n. 48; sec. 350, p. 135, n. 46; sec. 367, p. 142, n. 52; sec. 368, p. 144, n. 61; sec. 382, p. 151, n. 62 (new); sec. 479, p. 193, n. 32; sec. 799, p. 345, n. 35; sec. 803, p. 347, n. 65; sec. 823, p. 361, n. 36.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Suit by Lillian Fahey Black against Edwin Gregory Black. Decree for plaintiff, and defendant appeals. **Affirmed. Rehearing denied.**

*James D. Finch,* for Appellant:

Findings that defendant was guilty of extreme cruelty and at same time not guilty of failure to provide, in view of admitted evidence, are inconsistent. Authors v. Bryant, 22 Nev. 242.

Cruelty of wife and her provocation of his alleged cruelty more than offset husband's cruelty. Wife is not entitled to divorce nor custody of children where her desertion was unjustified. 1 Nelson on Divorce and Separation, secs. 427–8; Wheeler v. Wheeler, 24 Pac. 900.

Plaintiff who provoked conduct or contributed to injury of which she complains cannot obtain relief. 1 Nelson, sec. 433. Unless such conduct or injury greatly exceeded provocation. Reed v. Reed, 4 Nev. 395. There will be no relief where fault is mutual. 1 Nelson, sec. 440; Adams v. Adams, 6 Pac. 677.

Consent to live apart may be revoked by either party at any time. Refusal of offer in good faith to resume cohabitation constitutes desertion. Keezer on Marriage and Divorce, sec. 147; Danforth v. Danforth, 41 Am. St. Rep. 330.

Law does not require husband to follow wife to such place as she sees fit to go, in order to escape charge of voluntary absence. Keezer, sec. 149. Nor useless and repeated efforts on part of husband to get wife to return, where circumstances show her firm determination to remain away. Ibid. sec. 78; Thrall v. Thrall, 32 N. J. Eq. 231.

Cause justifying separation must be sufficient as ground for divorce. 1 Nelson, sec. 95.

Refusal of sexual intercourse constitutes desertion. 1 Nelson, sec. 71.

Wife is not justified in living apart from husband because he refuses to live with her father, nor because she fears having children, nor is poor if he shares whatever he has, nor because she considers support inadequate, nor because she dislikes him, nor because she desires to live in her own fashion, if she could remain with safety and retain her self respect. 1 Nelson, sec. 71.

Defendant may have relief on cross-demand or answer if evidence shows him entitled to it. 1 Nelson, sec. 744; Wuest v. Wuest, 17 Nev. 218.

Having once obtained jurisdiction by plaintiff's bill, equity will retain jurisdiction until all equities are meted out. 1 Nelson, sec. 38; 59 L. R. A. 149; Ferry v. Ferry, 37 Pac. 431.

The name given to a pleading is immaterial. 31 Cyc. 226.

Wife who commits matrimonial offense cannot choose domicile; her domicile follows that of husband. Aspinwall v. Aspinwall, 40 Nev. 55.

*Ayres & Gardiner,* for Respondent:

Cross-complaint for divorce must state same facts as must be stated by original complaint. Hilton v. Hilton, 43 Nev. 128.

In order to rely upon errors at law, appellant must file memorandum thereof, and no other errors than those mentioned can be considered. Rev. Laws, 5322.

As both parties desired divorce and one was granted, neither has any complaint. Controversy concerning who should have decree is moot question for gratification of personal feelings of appellant. Wedekind v. Bell, 26 Nev. 395.

Child's welfare is paramount consideration concerning its custody. Rev. Laws, 5840; 19 C. J. 343–346.

Cruelty is relative term. Unjustifiable conduct which wounds feelings or so utterly destroys peace of mind as to impair health or object of matrimony is extreme cruelty. Dawson v. Dawson, 132 S. W. 379; Character, breeding, and temperament of parties should be considered. McAllister v. McAllister, 37 Nev. 92. Much is left to discretion of court or jury in determining whether acts constitute cruelty. Reed v. Reed, 4 Nev. 396.

Judgment on conflicting evidence will not be set aside if supported by substantial evidence. Wiggins v. Pradere, 32 Nev. 183.

Divided custody of children is not favored. One who has no permanent home, who travels about country, who

dislikes or is annoyed by children, may be considered improper person to have custody. 19 C. J. 344; Reitman v. Reitman, 183 S. W. 135.

Lower court has right to grant nonsuit at any time subsequent to close of plaintiff's case, and every presumption is in favor of validity of its judgment. Pease v. Pease, 47 Nev. 124.

## OPINION

By the Court, DUCKER, C. J.:

A decree was granted by the trial court in this action in favor of the respondent dissolving the bonds of matrimony existing between the parties, and awarding the care and custody of the minor children to the former. This appeal is taken from the decree and the order denying a motion for a new trial.

Respondent was plaintiff in the court below. Her complaint sets out the jurisdictional facts, and two causes of action are alleged in it, to wit, failure to provide and extreme cruelty. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action having been overruled, the appellant answered denying and admitting certain allegations, pleading extreme cruelty as a recriminatory defense, and as grounds for a divorce setting up willful desertion in what is designated a separate cause of action and counterclaim and cross-complaint. The decree was granted to respondent on the grounds of extreme cruelty, alleged in the complaint as follows:

"That during all of said period from December, 1920, to March 29, 1921, defendant was, without cause or provocation, jealous of plaintiff, and in pursuance of such jealousy continually suspected her of secretly keeping company and going about with men, went around to her friends and made inquiries concerning her conduct and relations with men, inquired of the little boy of plaintiff and defendant concerning his mother's conduct with men, continually accused plaintiff of kissing men, kept her under surveillance and a complete espionage;

upon one occasion even complained to a stranger whose seat by accident happened to be next to plaintiff in a street car and forbade said stranger to sit next to plaintiff, and thereby caused plaintiff great embarrassment in the presence of several persons upon said street car, all of which caused plaintiff great embarrassment, humiliation, and mental suffering.

"That on March 28, 1921, defendant sent from Washington, D. C., to the father of plaintiff in San Francisco, Cal., a telegram which said: 'Trouble home. Have evidence. Wire authority to put W. out.' 'W' in said telegram referred to a certain gentleman, who with his wife and family were tenants of a portion of the house of plaintiff's father. Said accusations in said telegram were false and without truth or foundation whatsoever.

"On the same day, March 28, 1921, defendant wrote to plaintiff's father a letter in which he accused plaintiff of kissing the said tenant and of being unduly familiar with him, all of which said accusations were false and without foundation. On the same day, in the presence of plaintiff and of the wife of said 'W.,' defendant did quarrel with said 'W.' and did accuse him of kissing the plaintiff, all of which caused plaintiff great embarrassment, humiliation, and mental suffering. That said acts of extreme cruelty constituted but a modicum of a long line and continual and systematic course of unkind treatment and that the same, together with a long line and systematic course of similar unkind acts and treatment, caused plaintiff great and grievous physical and mental pain and suffering, seriously affected her health, destroyed her happiness, frustrated the objects and purposes of the marriage, and by reason thereof she ceased to cohabit with defendant, and on March 29, 1921, severed all relations with him and never since said date has lived or cohabited with him."

1, 2. Appellant contends that the allegations as above set forth do not constitute a cause of action, but the question is not discussed. We think that a cause of action for extreme cruelty is sufficiently alleged. It is insisted that the evidence is insufficient to support the

charge and finding of extreme cruelty. We see no necessity for setting forth the evidence, but, having reviewed and considered it carefully, are of the opinion that there is substantial evidence to sustain the findings. It may be remarked that the evidence is not strong, but it tends to prove the cruelty charged. Matters of conflict in the evidence and the credibility of the witnesses argued by counsel for appellant in his brief and before this court in his oral presentation of the case on appeal were within the province of the trial court, and we cannot say upon all of the evidence that a wrong conclusion was reached. There is also substantial evidence to support the finding of the trial court that appellant's recriminatory defense of extreme cruelty set up as a bar to the wife's right to a divorce was not true. To detail and comment on the evidence bearing upon this issue would be a work of supererogation and unnecessarily extend this opinion.

3, 4. The trial court found that the plaintiff did not desert defendant, and in this regard it is contended that the evidence of willful desertion as alleged in his separate cause of action, counterclaim, and cross-complaint, is without conflict. The contention of willful desertion is twofold. It is insisted that she deserted him when she left their home in New Orleans, La., on August 8, 1917, and went to the home of her parents in Washington, D. C.; and that she deserted him by abstaining from all marital intercourse with him after the birth of their youngest child on June 29, 1917. As to the first branch of this question there is evidence tending strongly to show that she left their home at that time and went to the home of her parents with the consent of her husband. The trial court was therefore justified in concluding that there was no desertion in this respect. The evidence is, however, without conflict as to the cessation of marital intercourse after the birth of the youngest child. The appellant asserted this fact in his deposition read on the trial of the case, and the respondent admitted it. In this respect she testified as follows:

"Q. Did you deny him relations from the time of the birth of your daughter? A. I did.

"Q. Why did you deny him? A. Well, there were many reasons.

"Q. What were they? A. Well, for one reason I had no love for the man. I had lost respect for him for several things that he did that I can't tell in court. They were too terrible."

We thus have presented for determination the question whether the refusal of a wife to have marital intercourse with her husband for a period of more than one year constitutes willful desertion under the statute. Much might be said in favor of the continual refusal of sexual intercourse, when health and physical condition do not make such refusal imperative, being made a ground of divorce; but we cannot concede that the words "willful desertion" employed in our statute defines such a condition. We think the legislature intended these words to mean a complete withdrawal of marital cohabitation. As said by the court in Southwick v. Southwick, 97 Mass. 327, 93 Am. Dec. 95:

"The word desertion in the statute does not signify merely a refusal of matrimonial intercourse, which would be a breach or violation of a single conjugal or marital duty or obligation only, but it imports a cessation of cohabitation, a refusal to live together, which involves an abnegation of all the duties and obligations resulting from the marriage contract."

There are decisions to the contrary, but the great weight of authority accords with the view we take. In 19 C. J. 59, it is said:

"But by the weight of authority refusal of marital intercourse is not in itself desertion, but becomes so only when coupled with a substantial abandonment of other matrimonial duties."

See note 66 on same page for citation of a number of cases to support the foregoing statement.

This opinion as to the weight of authority on this point is expressed in 9 R. C. L. p. 368, where it is said:

"According to the prevailing view in this country the

term 'desertion' as used in the divorce statute does not include the mere unreasonable refusal of one spouse to have with the other matrimonial intercourse, which would be merely a breach of a single conjugal or marital duty or obligation only, but it imports a cessation of cohabitation, a refusal to live together, which involves an abrogation of all duties and obligations resulting from the marriage contract."

And as it is pointed out in the same paragraph of the last-named authority that:

"This rule conforms essentially to that which prevailed in the early ecclesiastical courts. These courts, while requiring the offending party to return and live with the libelant, never undertook to compel the granting of sexual intercourse. They made a clear distinction between 'marital intercourse' (sexual intercourse) and 'marital cohabitation' (living together). The latter was a right to be enforced by the courts. The former was a right to be enforced only in foro conscientiæ."

A well-reasoned case making up those constituting the weight of authority on this question is the case of Fritz v. Fritz, 138 Ill. 436, 28 N. E. 1058, 14 L. R. A. 685, 32 Am. St. Rep. 756, in which a number of the authorities are discussed. The court concluded that the term "willful desertion" employed in the statute involved the nonperformance of other duties besides the cessation of marital intercourse. In the opinion it was said:

"The doctrine contended for [refusal of one spouse to have sexual intercourse with the other] rests mainly upon the idea that sexual intercourse is 'the central element of marriage to which the rest is but ancillary,' and, while it may be urged with no little force, that the refusal of such intercourse by one of the parties to the marriage contract is such a violation of marital duty that it ought to be regarded as a good ground of divorce, yet the question before us is simply as to the meaning of our statute. The divorce act provides that a divorce may be granted where either party 'has willfully deserted or absented himself or herself from the husband or wife, without any reasonable cause, for the

space of two years.' We think that the willful desertion here referred to was intended to mean the abnegation of all the duties of the marital relation, and not of one alone."

And again, at page 442 (28 N. E. 1059) of the opinion, the court said:

"At common law, whenever either the husband or wife was guilty of the injury of subtraction, or lived separate from the other without any sufficient reason, a suit could be brought in the ecclesiastical courts for a restitution of conjugal rights. But those courts made a distinction between 'marital intercourse,' or sexual inter-course, and 'marital cohabitation,' or living together. They enforced the latter, but not the former. They merely required the offending party to return and live with the libelant. In such proceedings, the cessation of cohabitation warranted a decree, but the suit for restitution of conjugal rights could not be maintained on the ground of a refusal of marital intercourse. Desertion in such suits was held to signify a refusal to live together, and, in this country, the action for divorce on the ground of desertion is a substitute for the English proceeding for the restitution of conjugal rights"—citing authorities.

In line with the foregoing authorities are: Prall v. Prall, 58 Fla. 496, 50 South, 867, 26 L. R. A. (N. S.) 577; Anonymous, 52 N. J. Eq. 349, 28 Atl. 467; Segelbaum v. Segelbaum, 39 Minn. 258, 30, N. W. 492; Pratt v. Pratt, 75 Vt. 432, 56 Atl. 86; Stewart v. Stewart, 78 Me. 548, 7 Atl. 473, 57 Am. Rep. 822; Schoessow v. Schoessow, 83 Wis. 553, 53 N. W. 856.

But it is needless to multiply decisions. The words of our statute forbid the conclusion contended for by appellant. "Willful desertion" and "marital cohabitation," that is, living together, in the ordinary acceptation of the meaning of those terms, are diametrically opposed, and it would be an overstrained construction of the former term to declare that its meaning does not necessarily signify a cessation of cohabitation.

5, 6. The trial court found against respondent on her cause of action alleged on the grounds of failure to

provide, and it is urged that this finding is inconsistent with the finding of extreme cruelty upon which the decree is based. We perceive no inconsistency in these findings. One may be a good provider and still be guilty of extreme cruelty, and vice versa. It was not necessary for respondent to prove both causes of action to obtain a divorce. Either would be sufficient. Appellant does not assert to the contrary, but contends that as the cause of action for failure to provide was admitted in his answer, the finding of the court to the contrary is inconsistent with the finding of extreme cruelty for the reason that if he had been guilty of extreme cruelty he would have had no justification for his admitted failure to provide. The point is without merit. In divorce actions the trial court is not bound by an admission as to a cause of action alleged in the proceedings. But, anyhow, we do not perceive how the finding of the court as to the failure to prove the first cause of action has any bearing at all inconsistent with the finding of extreme cruelty.

7. The awarding of the minor children to the care and custody of the respondent was within the discretion of the trial court Section 24 of the civil practice act (Rev. Laws 1912, sec. 5840) provides:

"The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well being of such children. * * * "

The right of visitation was reserved to the father in that part of the decree awarding the children to the mother. They are of tender years, and the evidence does not disclose any reason why the action of the court in this respect should be disturbed.

Judgment affirmed.

ON PETITION FOR REHEARING

November 15, 1924.

*Per Curiam:*

Rehearing denied.