## DUPLANTIS *v.* DUPLANTIS

No. 2745

May 4, 1927.                    255 P. 1014.

1. APPEAL AND ERROR—EVIDENCE, INCOMPETENT.
    Where case is tried to the court, reviewing court will presume that incompetent evidence was not considered by the court.

2. TRIAL—EVIDENCE, REFUSAL TO STRIKE.
    In divorce action, refusal to strike evidence received without objection *held* not error.

3. DIVORCE—EVIDENCE, CONFLICTING.
    In divorce action, where evidence was conflicting but sufficient to support trial court's finding of wife's cruelty, judgment entered thereon will not be reversed.

#### C. J.–CYC. REFERENCES

APPEAL AND ERROR—4 C. J. sec. 2726, p. 776, n. 57; sec. 2855, p. 883, n. 33; p. 884, n. 37.
    DIVORCE—19 C. J. sec. 479, p. 193, n. 32.
    TRIAL—38 Cyc. p. 1406, n. 58.

APPEAL from Eighth Judicial District Court, Lyon County; *Clark J. Guild,* Judge.

Action by Joseph C. Duplantis against Susanna Roberta Duplantis. From an order denying defendant's motion for a new trial, and from a judgment for plaintiff, defendant appeals. **Affirmed.**

*Frank P. Langan,* for Appellant:

On authority of Black v. Black, 48 Nev. 220, court held certain testimony insufficient for granting divorce and stated that such ruling would dispose of motion thereon to strike. There was therefore no evidence on point and court erred in considering it on either desertion or cruelty.

That person is inclined to gossip does not impeach her truth or veracity. Question was as to reputation, though general reputation was not involved. Answer was not responsive.

It is hearsay for witness to say he "understood" accusations against person were not proven.

*Fred L. Wood* and *Green & Lunsford,* for Respondent:

If any doubt exists, it must be resolved in favor of

finding of lower court. Findings of lower court will not be disturbed if there is substantial evidence to support them. Black v. Black, 48 Nev. 220.

Counsel for plaintiff had right of searching examination of defendant as to whether her attitude toward her husband or the marital relation would frustrate purposes of union. Opposing counsel must make timely objection, not wait till he finds evidence unfavorable and then move to strike. 3 Jones on Evidence, 1967.

## OPINION

By the Court, COLEMAN, J.:

This is a suit for divorce. The complaint alleges two causes of action—desertion and cruelty. The answer denies the allegation of both causes of action and pleads an affirmative and recriminatory defense. During the taking of plaintiff's testimony in support of the charge of desertion an objection was made thereto. Later it was stricken on motion of counsel.

The court made specific findings in support of the allegations in the complaint charging cruelty, but found that the evidence did not support the charge of desertion. The court also found adversely to the defendant on her affirmative defense. Upon the findings thus made the court entered its decree in favor of the plaintiff.

The court also found that the plaintiff is a fit and proper person to have charge, care, and control of the minor children, and that the defendant is not such a person, and that the children refuse to live with the defendant.

In due time memorandum of errors was filed, and a motion for a new trial was made and denied. An appeal was taken from both the order denying the motion for a new trial and from the judgment.

Counsel for appellant frankly state that they rely, on this appeal, chiefly on the proposition that the evidence is insufficient to justify the decision and decree, basing this statement upon the contention that the recriminatory defense was sustained by the evidence.

The vital principles of law involved are settled by previous decisions of this court favorable to the views contended for by appellant, and nothing would be gained by a restatement of them here.

1. Certain of the rulings are complained of by appellant relative to admissions of portions of the testimony in evidence. As to some of the evidence so admitted the court announced at the time that it had a doubt as to its worth, but would admit it and give it upon final consideration only such weight as it was entitled to receive. In making this statement the further statement of the court manifested a correct grasp of the principles of law involved. In such a situation, it would be highly improper to reverse the judgment. Whether the evidence was incompetent or not we think is immaterial, for the reason that the case having been tried to the court, it would be presumed that it was not considered in reaching a conclusion, in view of the statements made. Curtis v. Peterson (Ariz.) 251 P. 723; Peters v. Lohr, 35 S. D. 372, 152 NW. 504.

2. It is further contended that the court erred in refusing to strike certain evidence. The evidence in question was received without objection. In view of the entire situation presented, we cannot say that the court erred in its ruling. Cohen v. Clark, 44 Mont. 151, 119 P. 777; Jones on Evidence (1896 ed.), sec. 898.

We do not deem it necessary to review the evidence in this case. It is a case in which the trial court was unusually favorably situated to determine the correct conclusion to be drawn, and no good would result from a statement of it.

There is one very remarkable thing about the case. The 15 year old son of the parties was called as a witness. He testified in behalf of the father, flatly contradicting the testimony of the defendant in several of her statements. Usually the son is inclined favorably to the mother. Counsel contends that the father sought to prejudice the boy against the mother. We find nothing in the record to justify this contention. The boy testified that his father had told him to visit his mother and

to respect her. He said, however, that he had not visited her for months and had no desire to do so, this, too, in the face of the fact that her moral character is unimpeached and unquestioned.

3. We find no prejudicial error in the record in this case. The evidence being conflicting but sufficient to support the findings, we will not reverse the order and judgment. Black v. Black, 48 Nev. 220, 228 P. 889.

It is ordered that the judgment and decree be affirmed.