# HUNNEWELL *v.* HUNNEWELL

## No. 3035

January 3, 1934.                    27 P. (2d) 1062.

*R. E. Burns* and *L. D. Summerfield,* for Appellant:

*Harlan L. Heward,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an action for divorce instituted by the husband on the ground of extreme cruelty. In the complaint, which was filed on March 1, 1932, it was alleged that "he is, and for more than six weeks immediately preceding the commencement of this action, has been an actual and bona fide resident of the State of Nevada, and actually domiciled therein during all of said period of time." The wife, a resident of the county of Cook, State of Illinois, answered. In her answer she admitted the plaintiff's residence as alleged. By her cross-complaint she averred such residence on the part of the plaintiff and prayed for separate maintenance on the ground of extreme cruelty and adultery. Plaintiff duly filed his reply thereto. Thereafter on May 6, 1932, the trial court heard defendant's motion for allowances and entered an order requiring plaintiff to pay defendant's traveling expenses to attend the trial of the case, expense money, alimony pendente lite, and a preliminary counsel fee. The plaintiff was present when the order was entered and had testified at the hearing. On May 14, 1932, a written order was made and filed in which plaintiff was directed to comply therewith on or before May 15, 1932. He left the State of Nevada several days afterwards and has never complied with the order.

On June 7, 1932, the defendant filed an amended answer and cross-complaint praying for a divorce on the ground of adultery, and for a division of property. The plaintiff's reply to the same verified by his attorney was duly filed.

The case came on for trial on July 11, 1933. The

plaintiff was not present. His attorney stated he did not know where he was and was unable to present any proof. Defendant proceeded to her proof in support of her amended answer and cross-complaint. Plaintiff's counsel offered no evidence in rebuttal and moved the court for judgment dismissing the cross-complaint of the defendant on the ground that the jurisdictional facts had not been proved as to the residence of plaintiff.

Judgment was entered dismissing the action on the ground urged by counsel. From the judgment and order of the court denying the motion for a new trial this appeal was taken by defendant. We will continue to refer to the parties as plaintiff and defendant.

The action of the trial court in holding that it had no jurisdiction of the cause and dismissing the same is assigned as error. It is insisted by defendant that the evidence of the plaintiff's residence was sufficient to give the trial court jurisdiction.

We will review the evidence on this phase of the case. Gordon Burrow, a clerk at the Riverside Hotel in Reno, Washoe County, Nevada, testified that plaintiff registered at that hotel on January 18, 1932, and remained there continually until March 1, 1932, that he saw the plaintiff in Reno every day during that period. He made the statement to the witness that he was putting in his time for a divorce; that he was establishing a residence here and understood that he would have to have a residence witness, and asked Burrow if he would be his witness when the case came up. He would come up and report and laugh and go off. He stated on or about the 18th of January 1932, that he was establishing a residence here. He just made the general statement that he was here for a divorce; that he was making his residence here. The following took place between the trial court and the witness:

"The Court: Q. When, Mr. Burrow, did you have the first conversation with him? A. On January 18, 1932.

"Q. Now, was that the date he made the remark that

you have testified to—that he was here putting in his time to get a divorce? A. I do not know whether it was that day or the next day. I can recall the incident very clearly as in January, because he had on white shoes.

"Q. Do you remember what his statement was? A. Well, that he was here to establish a residence and that he was going to get a divorce.

"Q. Was that all? A. Yes, and then a little later he said something about—well, that he would have to have a witness and that would I be a witness.

"Q. Was that all he said about his purpose in coming here or establishing his residence here, or anything of that sort? A. Yes, I think so."

J. G. Allard, deputy assessor of Washoe County, Nevada, was a witness for defendant and testified in substance as follows: "That on April 5, 1932, he issued a Nevada automobile license to the plaintiff for the fee of $16.50 and that at the same time the plaintiff paid a personal property tax of $107.23, and a poll tax of $3.00. The automobile license was not a visitor's permit, but the regular license for Nevada residents."

Richard Wharton was also a witness for defendant. Concerning plaintiff's residence in Nevada he testified in substance as follows: That he was in Reno, Nevada, with the plaintiff in the latter part of May, 1932, and while driving plaintiff and a companion back from Reno to Pasadena he heard plaintiff say to his companion that when he got back to Pasadena he would not need the witness any longer because "he thought he liked Reno and he was coming down here to make his home here." He said it was a small town and he would not have to use his car so much—he could walk wherever he wanted to go. When they arrived in Pasadena from Reno, plaintiff told the witness that he was going back to Nevada and that he would no longer need his services. Counsel for defendant asked the witness this question: "What did Mr. Hunnewell say in Pasadena at that time about the State of Nevada, if anything?" The witness answered: "He was

coming down here (Reno) to live and he would not need me any longer."

The following testimony given by plaintiff on the hearing of the notice for allowances was admitted in evidence:

"Q. Where have you been residing in Washoe County, Nevada? A. At the Riverside Hotel.

"Q. During all the time? A. In Reno all the time. * * *

"Q. Have you had a bank account in Reno since you have been here? A. I did.

"Q. What bank? A. The Riverside Bank.

"Q. For how long a period of time? A. Since I have been here—since January 18th."

1. Plaintiff's verified complaint was introduced in evidence by defendant. As previously stated it was alleged therein: "That the plaintiff is and for a period of more than six weeks immediately preceding the commencement of this action has been an actual and bona fide resident of the State of Nevada, and actually domiciled therein during all of said period."

The foregoing is all the evidence there is in the record bearing on the question of plaintiff's residence.

Plaintiff concedes that the evidence sufficiently proves the physical presence of the plaintiff within this state for the required period, to wit, six weeks, before the suit was brought. He insists, however, that it does not prove that plaintiff intended to make Nevada his home, which must be a concomitant of physical presence to establish the bona fide residence required by the statute. The trial court was of the same opinion, as appears from the written decision, which appears in the record.

It was stated by counsel for defendant, on the oral argument in this court, that the trial court declined to consider the verified complaint introduced by defendant as evidence of plaintiff's intent to make Nevada his home. A careful reading of the written decision of the trial court does not justify that assertion. The court said in this regard: "I do not think that in view of the fact that the verified complaint alleges on the

contrary that his bona fide residence was in Washoe County, Nevada, that it strengthens the position of the defendant one iota."

That is far from saying that it was not considered. Evidently the trial court attached no weight to it as tending to prove intent, and no weight to the other evidence introduced as evidentiary of that element of residence, for it was said in the course of the decision: "The evidence goes only to the physical presence. * * * So, under the circumstances here, until the supreme court acts in this matter and decides that the physical presence is all that is required for the statutory period of time to give the court jurisdiction to grant the defendant affirmative relief, the court cannot entertain the cross complaint in this case." But in fairness to the trial court we cannot say that consideration of the evidence was refused.

The evidence was competent for the purpose for which it was offered. 22 C. J. 975, and cases cited in note 60.

Under the circumstances it appears to have been the best evidence that defendant could obtain as to that phase of the case. It is not suggested how she could have produced better evidence of plaintiff's residence in view of his whereabouts being unknown at the time of the trial. Of course, if plaintiff had offered such proof it would have been objectionable. In such a case his testimony as to his intent would have been the best evidence. But in this situation the evidence produced appears to be the next best evidence obtainable and it was admitted without objection.

2. Defendant contends that the evidence is conclusive and asks us to reverse the case, and, as the evidence is undisputed, to direct the trial court to enter judgment of divorce for defendant on her cross-complaint. We are not of this opinion, and think that under the circumstances of this case it is not our province to say that the evidence is sufficient to grant defendant a divorce on her cross-complaint. That was addressed to the discretion and judgment of the court below, and

its action is binding on us. This is particularly true in a divorce case where the court represents the interest which the state has in such an action.

Counsel stresses the action of the plaintiff as reprehensible and deserving of the condemnation of this court. We agree, but are not able on that account to usurp the province of the trial court and order a divorce for the defendant.

It is insisted also that his action gives defendant's evidence greater probative force. We think, on the contrary, that such action furnished the trial court with reason for attaching less weight to the allegation of residence contained in the verified complaint.

The judgment and order appealed from should be affirmed.

It is so ordered.

### On Petition for Rehearing

February 6, 1934.

*Per Curiam:*

Rehearing denied.