## FRANK PARIS, Appellant, *v.* PAUL SARAT, Respondent.

### No. 7367

December 20, 1974                    529 P.2d 213

*Douglas R. Pike,* of Las Vegas, for Appellant.

*Goodman, Snyder & Gang,* and *M. Douglas Whitney,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This civil action to recover damages for assault and battery was tried to the court without a jury. Upon conflicting evidence, the judge found for the plaintiff and assessed damages. In his oral decision from the bench he made the following comment: "Now, it isn't on the record and I'm not giving it much weight, but one of the witnesses was advising another defense witness what not to say when she was called into court. I'm just pointing that out as a passing remark, which doesn't surprise me because of the bond of friendship and the common feeling they have toward each other."

The comment reflects that the judge gave some weight to the off-record comments of one defense witness to another defense witness. It also suggests that their in court testimony may have been discredited. Accordingly, the defendant-appellant asserts prejudicial error. The plaintiff-respondent, conceding error, argues that such error must be deemed harmless.

This case is unlike those in which the appellate court presumes that the trial judge did not consider erroneously admitted evidence if there is ample competent evidence in the record to support his decision. In those cases, the reception of such incompetent evidence often has been held harmless. Meagher v. Garvin, 80 Nev. 211, 219, 391 P.2d 507 (1964); Serpa v. Porter, 80 Nev. 60, 70, 389 P.2d 241 (1964); Duplantis v. Duplantis, 50 Nev. 234, 236, 255 P. 1014 (1927); Rehling v. Brainard, 38 Nev. 16, 22, 144 P. 167 (1914). We may not indulge such a presumption here since the trial judge admitted giving some weight to the off-record comments of one defense witness to another. Moreover, the defendant lost and the evidence, in material respects, was conflicting. In these circumstances, we must deem the error to be prejudicial. Other assigned errors need not be considered.

Reversed and remanded for a new trial.